## Kaufman *against* Crawford.

A testator devised his real estate to his executors to be sold, and directed that the proceeds should be divided between his two daughters. The guardians of the legatees became the purchasers in trust for their wards, and upon their marriage made a conveyance to their husbands of the tract of land. The husbands subsequently divided the land, and mutually executed deeds to each other. *Held*, that the husbands took nothing by the deeds from the guardians to them but the naked legal title, and upon their death the fee remained in the wives.

ERROR to the Common Pleas of *Juniata* county.

David Crawford and others, heirs at law of Daniel Crawford, deceased, against Daniel Kaufman. This was an action of ejectment for 89 acres of land. Both parties claimed under Henry Bitner, who by his will devised a tract of land containing 195 acres to his executors, to be sold, and the proceeds to be divided between his children. At that sale, in 1808, John Rice and John Shively, guardians of Barbara and Elizabeth, two daughters of the testator, became the purchasers, and took a deed therefor to themselves in trust for their said wards. One of these wards subsequently married Henry Mattocks, and the other Daniel Crawford. In 1811 the guardians endorsed and executed the following deed to Mattocks and Crawford upon the deed which they had obtained from the executors: —

" Know all men by these presents, that we, the within named John Shively and John Rice, as guardians within named, having no other interest in the within deed of conveyance, or the property therein granted, than as guardians for the within named Barbara Bitner, now intermarried with Henry Mattocks, and Elizabeth Bitner, now intermarried with Daniel Crawford, and having settled our accounts as guardians for the said Barbara and Elizabeth with the said Henry Mattocks and Daniel Crawford, and being fully paid and satisfied, and paid by the said Henry Mattocks and Daniel Crawford for all expenses, bills, charges and demands whatsoever of us the said John Shively and John Rice against the said Barbara Mattocks and Elizabeth Crawford, or against the

[Kaufman v. Crawford.]

said within granted, bargained and sold tract of land, hereditaments and premises, do grant, bargain and transfer, and have hereby granted, bargained and transferred the said within described and granted tract of land unto them, the said Henry Mattocks and Daniel Crawford, and to their heirs and assigns for ever. In witness, &c."

In 1813 Mattocks and Crawford divided the land, and they and their wives executed deeds of partition to each other. Subsequently Crawford died, leaving issue, and his widow married Abraham Fry, and they, by deed dated 6th August 1824, sold and conveyed the land in dispute to Isabella Wilson, who, on the 15th November 1839, devised the same to her daughter, Mrs Cummings, whose tenant was Daniel Kaufman, the defendant.

The plaintiffs were the children and heirs at law of Daniel Crawford, and claimed to recover upon the ground that the conveyance of the land to their ancestor by the guardians of his wife, under the circumstances of the case, and subsequent partition thereof between him and Mattocks, vested the fee simple in him, and upon his death the same descended to them, as his heirs at law.

The defendants requested the instruction of the court upon the following points : —

1. The sale by Monohon, the administrator with the will annexed, of the lands in controversy, by deed dated 4th March 1808, to John Shively and John Rice, guardians of Barbara Bitner and Elizabeth Bitner, in trust for the use of the said Barbara and Elizabeth, vested in them the equitable and beneficial estate; particularly so, if the said lands were paid for by the guardians out of the proportion of the sales of Henry Bitner's real estate to which the said Barbara and Elizabeth were entitled; and the deed from Shively and Rice as guardians, reciting the fact of the trust, to Daniel Crawford and Henry Mattocks, would constitute the said husbands of Barbara and Elizabeth trustees for their respective uses. And the deed of partition from Mattocks and wife to Daniel Crawford would not devest the wife of D. Crawford of her interest in said land; and if Daniel Crawford was in this way trustee for his wife, after his death the plaintiffs, as heirs of Daniel Crawford, would have no right to recover the lands.

*Answer.* The sale by Monohon, administrator with the will annexed, of the land in controversy, by deed dated 4th March 1808, to John Shively and John Rice, guardians of Barbara and Elizabeth Bitner, in trust for the use of Barbara and Elizabeth, vested in them the equitable and beneficial estate; particularly so if the said lands were paid for by the guardians out of the proportion of the sales of Henry Bitner's real estate, to which Barbara and Elizabeth were entitled, and which they, on arriving at age, could have enforced against their guardians, if they chose to do so. The sale by Monohon to the guardians was binding both upon the administrator and guardian; but, being made during

the minority of their wards, they were not then bound; and, until they arrived at an age when they could legally assent to a reconversion of the property from money to land, it must, as to them, be considered in the same character it was bequeathed to them by their father. See cases referred to in *Craig* v. *Leslie*, (3 *Wheaton* 563). We cannot say to you, in the language of the point just read, that the deed from Shively and Rice to Daniel Crawford and Henry Mattocks constituted them trustees for the respective uses of their wives, and that the deed of partition from Mattocks and wife to Crawford would not devest her interest in the land under the facts and circumstances in evidence. Nor can we instruct you as desired by the defendants in the latter part of this point.

*2d Point.* If the title was not in Daniel Crawford at his death, but in his wife, the plaintiff can in no event recover; whether Elizabeth Crawford executed the deed to Mrs Wilson legally or not.

*Answer.* This is true. If the title was not in Crawford at his death, the plaintiffs cannot recover.

*3d Point.* If the title to the land were beneficially vested in Elizabeth Crawford by the deed to her husband, Crawford had no power to elect to take the land in place of money, other than as trustee for his wife.

*Answer.* This would be so if that deed vested the interest in Elizabeth. But that deed had not this effect, as we have already instructed you. We decline, therefore, answering this point as requested.

*Parker* and *Reed,* for plaintiff in error, argued that the conveyance to the guardians vested the estate absolutely in their wards, and the subsequent conveyance by the guardians to the husbands vested in them nothing but the legal estate, for that was all they had to convey. The estate, therefore, being thus vested in the ward upon her marriage, she could only part with it in the form prescribed by which married woman may convey their estates. This is a mere question of conveyance. In whom is the estate under the deeds and facts in evidence? Clearly it was in the wife. 3 *Watts & Serg.* 520; 1 *Johns. Chan.* 565; 4 *Johns.* 136; 1 *Johns. Chan.* 450; 1 *M'Cord's Chan.* 119; 6 *Serg. & Rawle* 267; 1 *Serg. & Rawle* 460; 7 *Watts* 217; 3 *Watts & Serg.* 231; 2 *P. R.* 346.

*Benedict,* for defendant in error. By the will of Bitner his two daughters were entitled to a pecuniary legacy, and the guardians had no power to convert that legacy into land. Upon the marriage of the legatee, her husband might elect to take the money as bequeathed to his wife, or, in lieu thereof, the land as purchased by the guardian. Having elected to take the land, the

[*Kaufman v. Crawford.*]

conveyance of it to him was as absolute as the payment of the money would have been. 8 *Watts* 252; 1 *Whart.* 252; 3 *Whart.* 65; 13 *Serg. & Rawle* 330; 3 *Watts & Serg.* 223; 3 *Wheat.* 563; 2 *Watts & Serg.* 27.

The opinion of the Court was delivered by

SERGEANT, J. — It is clear that a trustee not specially authorized cannot go beyond the line of duty prescribed by law, and make changes of property from money into land, or from land into money. If he invest money in land, the *cestui que trust* may, at his option, accept of the land, or refuse it and demand the money. *Bonsall's Appeal*, (1 *Watts* 274). The guardians are such trustees, and the wards here had the right, on coming of age, to exercise this option. For it is not a case where the guardian took the land at a valuation, or even bought it in at a public sale made in consequence of the refusal of the heirs to accept, as in *Bowman's Appeal*, (3 *Watts* 369). It was a volunteer purchase by the guardians at a public sale made by the administrator *de bonis non* in pursuance of the direction of the will, and was properly considered by the guardians as a purchase subject to the assent or dissent of the wards on their coming of age. The ward in question, then, might have exercised this right. When she married, her husband had the right to demand the money, and to make it his own by reducing it to possession, or by some equivalent act. It is contended that, being entitled to the money as his own exclusive property, if he relinquished that to the guardians, he stood in the place of his wife, and had the right to take the land as his own; and that he thus became a purchaser by a new acquisition. But that is not the case before us. The guardians purchased and paid for the land, and took the deed not to themselves, but in trust for the wards; so that the estate became vested in the wards by the deed from the administrator. There was no beneficial interest left in the guardians afterwards to convey, and their deed to the husbands transferred nothing, or, at most, the dry legal estate. After the estate had become vested in the wards, it could not be devested out of them by the will or act of the guardians or the husbands; nor otherwise than by the conveyance of the wives, executed according to the forms prescribed by law. The husband's relinquishment of the money could not of itself give the guardian power to convey an estate which belonged to his wife: it still remained in her, notwithstanding, precisely as it did before such conveyance, and unaffected by it.

This is not a question of election, properly speaking, but on the operation of conveyances, and must be governed by their legal effect. The case that comes nearest to it is that of *Hannah* v. *Swarner*, (3 *Watts & Serg.* 233), with the difference that there was no intervention of guardian in that case. The conduct of the guardians appears to have been fair, and they intended, perhaps,

[Kaufman v. Crawford.]

the security of the wards. Still I should say, as a general principle, that this kind of transaction by guardian, of converting the property of the ward, is one that ought not to be encouraged, as it has a tendency to produce subsequent confusion and litigation as to the title.

We think the court below erred in holding that the husbands became purchasers of the land in their own right: we are of opinion that the estate continued vested in the wives by virtue of the conveyance from the administrator; and she and her subsequent husband could lawfully convey it, if not otherwise devested.

Judgment reversed, and *venire facias de novo* awarded.