# Metzger v. Lehigh Valley Trust & Safe Deposit Company, Appellant.

*Trusts and trustees—Contract of trustee—Wrongful use of trust money—Illegal contract—Mortgage—Unrecorded defeasance—Deed.*

A trustee not specially authorized cannot go beyond the line of duty prescribed by law, and work changes of property from money into land, or from land into money. One who does so, not only takes upon himself the hazard of loss, but to this extent he commits a breach of the trust. Neither a trustee nor any one in privity with him can acquire any right by a breach of the trust.

Where a testatrix devises and bequeaths her estate to a trustee to convert the same into cash and to pay the income therefrom to her brother for life, and after his death the principal to his children, and the trustee uses a portion of the trust money to pay off incumbrances on the personal real estate of the brother, takes from him a straight

deed of the real estate, and in an unrecorded writing agrees to reconvey it on payment of all advances with interest, such an agreement cannot be enforced, because it is an unauthorized act of the trustee.

In such a case the trustee acquired no beneficial interest under the deed, and as a result could convey none. He took the title as trustee, that is to say, for the benefit of those he represented; and not only was it beyond his power to subject to disadvantage by his own act the parties he represented, but the actual ownership of the property having once vested in the estate, it was beyond his power to dispose of it. A purchaser under a voluntary deed from the trustee would be charged with notice of the trust and equity would fasten the original trust upon the property in his hands for the security of the real owners.

Argued Feb. 5, 1908. Appeal, No. 29, Jan. T., 1908, by defendant, from judgment of C. P. Lehigh Co., Jan. T., 1907, No. 14, on case tried by the court without a jury in suit of Thomas B. Metzger *v.* Lehigh Valley Trust & Safe Deposit Company, Trustee of the Estate of Maria C. Grim, deceased. Before Fell, Brown, Mestrezat, Potter and Stewart, JJ. Reversed.

Assumpsit on a written contract. Before Trexler, P. J.
The case was tried by the court without a jury.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment for plaintiff in the sum of $9,900.

*Edward Harvey*, with him *Reuben J. Butz*, for appellant. —The unrecorded agreement was a defeasance within the meaning of the act of assembly: Payne v. Patterson, 77 Pa. 134; Jaques v. Weeks, 7 Watts, 261; Simmons v. West Virginia Ins. Co., 8 W. Va. 474; Lippincott v. Tilton, 14 N. J. Law, 361; Friedley v. Hamilton, 17 S. &. R. 70; Mfrs' & Mechanics' Bank v. Bank of Penna., 7 W. & S. 335; Guthrie v. Kahle, 46 Pa. 331; Nugent v. Riley, 42 Mass. 117; Miller v. Quick, 158 Mo. 495 (59 S. W. Repr. 955); Harrison v. Trustees of Phillips' Academy, 12 Mass. 455; Flagg v. Mann, Fed. Cas. No. 4,847.

The Act of June 8, 1881, P. L. 84, relating to the recording of defeasances, applies to deeds for real estate only: Huston

v. Regn, 184 Pa. 419 ; Brown v. Beecher, 120 Pa. 590 ; Goodwin v. McMinn, 193 Pa. 646 ; Molly v. Ulrich, 133 Pa. 41; Rathfon v. Specht, 18 Pa. C. C. Rep. 19 ; MacDonald v. Sturtevant, 195 Pa. 644 ; Whelen v. Whelen, 11 Pa. Dist. Rep. 14; Weil v. Scott, 12 Pa. Dist. Rep. 463 ; Sterck v. Germantown Homestead Co., 27 Pa. Superior Ct. 336 ; Lohrer v. Russell, 207 Pa. 105 ; Sankey v. Hawley, 118 Pa. 30 ; Rockhill's Est., 29 Pa. Superior Ct. 28 ; Moorhead v. Scofield, 111 Pa. 584; Grove v. Kase, 195 Pa. 325 ; O'Donnell v. Vandersall, 213 Pa. 551 ; Guaranty Co. v. Linton, 213 Pa. 105; Crotzer v. Bittenbender, 199 Pa. 504.

The trustee, not having sold the real estate conveyed to it as the representative of the Grim estate, could not be held liable for the difference between the original purchase price and what the plaintiff could have got from a purchaser of his own selection. The title to the property is in the Grim estate. It has not been converted. It is doubtful whether it could be, without the consent of the life tenant. All of the rents, income and profits of the whole estate are payable, under the will of Maria C. Grim, deceased, to the plaintiff for life. Merely because the trustee refuses to convey, at the request of the plaintiff, can it be possible that the estate must respond in damages for the difference between the original debt and consideration and the sum for which the plaintiff could have sold it ? If the estate could be depleted in this manner, it might not reach the remaindermen named in the will; it would be used up in damages for breach of contract.

There was no authority in the trustee to bind the estate in any contract sounding in damages. It did all the law required by taking a deed absolute on its face and giving the written defeasance. If that defeasance had been executed as required by the statute, the transaction would have been clear. But the plaintiff omitted to have his paper acknowledged and recorded. For this failure on his part he seeks to avoid the statute by suing for damages. This he cannot do: Molly v. Ulrich, 133 Pa. 41.

*Arthur G. Dewalt,* for appellee.—The contention of the appellee is that the paper of November 8, 1893, is not a defeasance, but is simply an agreement to pay unto Thomas B. Metz-

ger, any sum of money which the trust company might receive upon the sale of the property, above the sum of $7,100.

This case is controlled by Moran v. Munhall, 204 Pa. 242.

See also Bank of Commerce v. Peace, 27 Pa. Superior Ct. 643.

Where the intent is merely to pass the property as a pledge for the payment of a debt, the transaction may be regarded as a mortgage; but not so when the grantee has the power to sell the premises, though the proceeds are to be applied on the indebtedness of the grantor: Danzeisen's Appeal, 73 Pa. 65; Lance's App., 112 Pa. 456.

OPINION BY Mr. JUSTICE STEWART, April 20, 1908:

By her last will and testament Maria C. Grim disposed of her residuary estate as follows: " And as to the rest and residue of my said estate not otherwise disposed of, I give devise and bequeath unto the Lehigh Valley Safe Deposit and Trust Company of Allentown, in trust nevertheless, that the interest on the principal sum after the same is converted into cash, be paid annually unto my brother, Thomas B. Metzger, during his natural life and immediately after his death, then said principal sum with accrued interest, if any, unto his surviving children share and share alike." The entire estate having been converted by the executors, under the authority given them in the will, the funds appropriated to the residuary estate passed to the trustee. Thomas B. Metzger, the life beneficiary, was the owner of a house and lot of ground in the city of Allentown, which later on was about to be sold under adverse proceedings, in satisfaction of certain liens of record amounting to upwards of $7,000. In order to avoid a possible sacrifice of the property at such a sale, the defendant company, at the request of the plaintiff, advanced out of the trust funds in its hands sufficient money to satisfy the liens and costs incident. The understanding of the parties with respect to this transaction is fully expressed in a written article of agreement, signed and sealed by both, bearing date November 8, 1893. Following a recital in the agreement of the terms of the trust created by Maria C. Grim, and the facts which induced the request to the trustee to apply the funds of the estate for the purpose indicated, Metzger covenants to sell and convey to " The Lehigh

Valley Trust and Safe Deposit Company, Trustee of the Estate of Maria C. Grim, deceased," the premises owned by him, subject of the liens referred to, for the consideration of $7,100; the title to such property to be "held for the uses and purposes mentioned and provided in the last will and testament of the said Maria C. Grim, deceased." The agreement contains this further provision: "And it is distinctly understood and agreed that if the said Thomas B. Metzger shall at any time during his life conclude to have the said real estate sold by the said Trustee, that the same shall be sold, and after deducting the purchase money and all claims for taxes, insurance and repairs, the said Trust Company covenants, promises and agrees to pay the surplus, if any, to the said Thomas B. Metzger absolutely. It is the purpose of this agreement to secure to the said Thomas B. Metzger any sum realized from a sale and conveyance of such real estate by the said Trustee over and beyond what is due and owing the said estate for purchase money, taxes, insurance and repairs. And the said Trust Company furthermore promises and agrees that it will sell and convey such real estate to any purchaser or purchasers obtained and secured by the said Thomas B. Metzger, and upon his request, provided always that no sale shall be consummated that will not fully indemnify and secure such Trustee for the moneys invested therein." Contemporaneously with the agreement Metzger conveyed the property to the trust company, "Trustee of the estate of Maria C. Grim, decd.," by deed in fee simple containing the usual covenants. Subsequently, in December, 1905, thirteen years after the original transaction, Metzger having obtained a bid of $17,000 for the property, and having made tender of the amount bid, demanded of the trust company a conveyance of the premises to the proposed purchaser. The trust company refused to comply on the ground that the absolute and indefeasible title to the property was in the estate of Maria C. Grim. Thereupon plaintiff brought this action to recover what would have been due him under the agreement had the property been sold in accordance with its terms. The facts were agreed upon, and the case submitted to the court without a jury. The controlling consideration is the legal effect of the agreement and deed of November, 1893. Two

conflicting views as to the nature and character of the transaction were advanced. The defense rested on the position that the agreement and deed were parts of a single transaction ; that the agreement was a defeasance and that, taken together, deed and agreement constituted a mortgage. The plaintiff's contention was that inasmuch as it was nowhere provided that there should be a reconveyance of the property to the grantor upon performance of conditions, and no purpose of securing an indebtedness was expressed, the transaction could not be given the effect of a mortgage, and that, instead of being a defeasance, the agreement was a declaration of trust defining the uses by which the property was to be held by the grantee. If the construction insisted upon by the defendant be the correct one, clearly the plaintiff is without cause of action in any form, since, if a mortgage, the fact that the agreement of defeasance was not recorded within the statutory period leaves the deed unaffected by it, and the grantee holds absolute title. So much is conceded. If the construction advanced by plaintiff, and accepted by the learned judge on the trial of the case, be correct, we think it equally clear that it cannot support the present action. We assume its correctness only, however, to show its insufficiency for plaintiff's purpose. The action is against the trust company as trustee of the estate of Maria C. Grim, deceased, and the effort is to charge this estate with liability. The suit is not brought to recover an indebtedness for which this estate was originally liable, or one which was properly and legally incurred as incidental to or necessary in connection with its ordinary management. The use of trust money for the purchase of plaintiff's real estate was an unauthorized act on the part of the trustee ; it was without warrant in the instrument creating the trust, was not sanctioned by the court, and was not required by any exigency affecting the trust's estate. Under the terms of the trust, the trustee's duty was to invest the money that resulted from a conversion of the estate by the executors. This implied a power to reinvest as occasion might require, but only in the same class of securities. " It is clear," says SARGEANT, J., in Kaufman v. Crawford, 9 W. & S. 131, " that a trustee, not specially authorized, cannot go beyond the line of duty prescribed by law, and work changes of prop-

erty from money into land or from land into money." One
who does so not only takes upon himself the hazard of loss,
but to this extent he commits a breach of the trust. In say-
ing this, no imputation of bad faith on the part of the trustee
here is implied. What it did in the matter was solely with
the view to advance and protect the interest of the life bene-
ficiary of the trust, with no expectation of the slightest ad-
vantage to itself ; but it was nevertheless a use of trust money
for a purpose wholly outside the trust, and in connection with
property not part of the trust estate. The purchase being an
unauthorized act, one which the cestuis que trustent upon the
termination of the trust could wholly reject, the contract for
the purchase could impose no liability whatever upon the trust
estate in connection therewith. It is a familiar principle that
neither a trustee nor any in privity with him can acquire any
right by a breach of the trust. Not only so, but the contract,
so far as it called for a conveyance by the trustee of the prop-
erty to any third party, was unenforcable. The offer to pur-
chase by this third party was conditioned, of course, upon a
sufficient conveyance being given, and yet it must have been
known by the parties from the beginning, that it was not in the
power of the trustee to make such conveyance. To the extent
at least of $7,900, the entire consideration mentioned in the
deed, the property was the property of the estate of Maria C.
Grim, deceased. It was conveyed to the defendant as trustee
of this estate. The trustee acquired no beneficial interest un-
der the deed, and as a result could convey none. He took the
title as trustee, that is to say, for the benefit of those he repre-
sented ; and not only was it beyond his power to subject to
disadvantage by his own act the parties he represented, but the
actual ownership of the property having once vested in the es-
tate, it was beyond his power to convey it. A purchaser under
a voluntary deed from the trustee would be charged with no-
tice of the trust, and equity would fasten the original trust
upon the property in his hands for the security of the real
owners. Must the plaintiff then submit to having his prop-
erty absorbed by this trust estate, of which he was the life
beneficiary, at less than half its present value, and get no
equivalent for that which he stipulated should be his on a re-
sale ? This is not for us to answer, and we suggest nothing in

that connection. If he be remediless, the fault is not with the law, but results from his misapprehension or disregard of what the law requires. He knew he was dealing with a trustee; it was his business to know that the trustee could impose no such liability as that he here seeks to enforce upon the trust estate in his hands; and it was his business to know further that the trustee of itself could not convey real estate once vested in the trust. There are provisions in the agreement which quite as clearly show it to be an unauthorized undertaking on the part of the trustee as those we have referred to; but it is unnecessary to discuss them severally, since those referred to are quite sufficient to condemn it as ultra vires. Nor are we called upon to say whether the transaction between plaintiff and the trustee was in effect a declaration of trust or a mortgage. If either, it was ineffectual to charge liability upon this trust estate, in the one case because the agreement was not recorded; in the other, because it was an unauthorized act of the trustee. The effect of the judgment in the court below, if allowed to stand, would be to ratify an unauthorized purchase by the trustee, to make the house purchased by the trustee a specific item of the trust estate property, and thereby deprive the cestuis que trustent of their unquestioned right to reject and repudiate the transaction when they come into possession of their estate. This cannot be allowed.

Judgment is reversed.