# Conneautville Bank's Assigned Estate.

*Assignment for creditors—Private bankers—Partnership — Larceny of securities from safe deposit box by partner—Deposit of proceeds in another bank—Preferred creditor—Ear-marking fund—Partnership—Trust—Bailee for custody.*

1. Where one of two partners doing a banking business is entrusted with a key of a safe deposit box by a customer and extracts therefrom securities, sells them, and deposits the proceeds in a bank, without entering the amount in the books of the partnership, and it appears that the deposit of the firm in the bank was at all times in excess of the amount of such proceeds, the owner of the securities has a right to the proceeds thereof in preference to general creditors after an assignment by the partnership for the benefit of creditors.

2. In such case the partnership relation to the securities was not a trust relation, but merely that of a bailee for custody, and the relation was not changed when the securities were stolen and converted into money.

3. No title passed to the partnership by the larceny, and no relation of debtor and creditor between it and the partnership was thereby created.

4. Under the circumstances, the fund deposited was sufficiently earmarked to enable the owner of the securities to recover it.

Argued April 29, 1924.    Appeal, No. 307, Jan. T., 1924, by Frank W. Jackson, Assignee, from order of C. P. Crawford Co., May T., 1922, No. 16, making absolute rule to pay over money to Nettie D. Wilcox in the matter of the assignment of Paul Sturtevant et al., doing business under the firm name of Bank of Conneautville, to Frank W. Jackson, State Bank Examiner, for the benefit of creditors.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule to pay over money.    Before PRATHER, P. J.
The opinion of the Supreme Court states the facts.
Rule absolute.    Frank W. Jackson, assignee, appealed.

*Error assigned* was order, quoting record.

*Frank J. Thomas,* with him *Paul E. Thomas,* of *Thomas & Thomas,* for appellant.—Where the party sought to be charged as a trustee is a bank or trust company and deposits the funds in question in its own bank or in a correspondent bank in the course of its business, there is such a mingling of the funds as to make it impossible to trace the same and award a sum to a specific cestui que trust in preference to other depositors and creditors: Com. v. Tradesmen's Trust Co., 250 Pa. 372, 378; Lebanon Trust & S. D. Bank's Est., 166 Pa. 622; Miller's App., 218 Pa. 50; Solicitors L. & T. Co. Assigned Est., 3 Pa. Superior Ct. 244; Webb v. Newhall, 274 Pa. 135.

Where property has been wrongfully converted and so mixed with other funds that its identity cannot be traced, the owner, while unable to recover as a preferred claimant, may recover as a trust creditor of the one with whose funds it was so mixed, or from his representative or assignee: Thompson's App., 22 Pa. 16; Lifter v. The Earle Co., 72 Pa. Superior Ct. 173; Com. v. Union S. & G. Co., 37 Pa. Superior Ct. 179.

*E. Lowry Humes,* for appellees, cited : Frazier v. Bank, 8 W. & S. 18; Stair v. Bank, 55 Pa. 364; Central Nat. Bank v. Ins. Co., 104 U. S. 54.

OPINION BY MR. JUSTICE SCHAFFER, May 27, 1924 :

Nettie D. Wilcox rented a safe deposit box in the Bank of Conneautville, a partnership, of which Judson T. Snodgrass was a partner and cashier. She placed in the box certain bonds belonging to her and others belonging to Katherine D. Crider. Two keys to it were furnished to Mrs. Wilcox, one of which she left with Snodgrass to enable him to go to it in case she at any time could not personally do so. Possessed of the key, he went to the box, stole the bonds in question, sold them through brokers, whose check for $6,093.62, drawn to his order, he deposited in the Bank of Pittsburg National Association, to the credit of the Bank of Conneautville in order to make the latter's balance appear to be larger than it actually was. The amount received from the sale of the bonds was not entered on the books of the partnership. The funds to the credit of the latter in the Pittsburgh bank were at all times in excess of the amount realized from the sale of the stolen securities.

The Bank of Conneautville became insolvent, made a general assignment for the benefit of creditors, and, thereafter, Nettie D. Wilcox and Katherine D. Crider presented their petition to the court below, praying for an order on the assignee directing him to pay over to them the fund realized from the sale of their securities. The court made the order as prayed for, from which the assignee takes this appeal, advancing the proposition that the petitioners have no standing except as general creditors of the assigned estate, claiming there was no sufficient earmarking of the funds to enable them to be designated, individuated and picked out as belonging to appellees, relying in support of his position on such cases as Commonwealth v. Tradesmen's Trust Co., 250 Pa. 372; Commonwealth ex rel. v. Tradesmen's Trust

Co., 250 Pa. 378; Lebanon Trust & Safe Deposit Bank's Assigned Est., Carmany's App., 166 Pa. 622, and Miller's App., 218 Pa. 50, where money was received by a bank as trustee, which trust money the bank had put in its general funds in the usual course of business. In such cases, we have held that no one cestui que trust is entitled to a preference since he is unable to trace his money. In some of these decisions, the rule is laid down that, where the trustee is a bank, the fact that an amount equal to, or greater than, the amount of the fund claimed, was at all times on deposit, does not give the cestui que trust the right to a preference, even though such is the rule established by English and other cases as to an individual trustee.

Appellant argues that this is the case "of a bank which holds the funds of all its patrons as a trust and there was a mingling or mixture of trust funds." The difficulty with the position assumed by appellant's counsel is that the property of appellees was not held in trust by the bank in the sense in which he uses the term. The bank's relation to the securities was merely that of bailee for custody: Trainer v. Saunders, 270 Pa. 451; Reading Trust Co. v. Thompson, 254 Pa. 333. This relation did not change when the securities were stolen from the box and converted into money. As was said by the learned court below "It is unthinkable that either law or equity will compel the innocent victim of a midnight larceny to become a general creditor of the thief in the distribution of the thief's estate." No title passed to the partnership by the larcenous act of its cashier, indeed no title was claimed, as the fund realized from the sale of the bonds was never entered on its books. There was no relation of creditor and debtor as between the appellees and the bank and it could not claim such relation as the fruit of a theft. As no title had passed to the partnership, the mere fact that the proceeds of the sale of the bonds had been deposited to its account in another institution gave the partnership no claim and therefore its assignee no

claim to the money, which it was clearly established had been deposited in the other bank. The fact that it was part of a larger sum on deposit to the credit of the insolvent bank can make no difference, because the assignee could only lawfully claim out of that deposit funds belonging to his assignors, not those undeniably belonging to other persons, and as to which the partnership could have no possible claim or title.

We think furthermore the funds in question on deposit in the Pittsburgh Bank were sufficiently earmarked to enable appellees to claim them under the authority of Webb v. Newhall, 274 Pa. 135. There the plaintiff ordered defendant's assignors, who were brokers, to sell certain stock for him. This they did and deposited the money received to their account and drew a check to plaintiff's order, payment on which was refused, because of the assignment. From the date of the deposit until the assignment, the brokers had at all times more than a sufficient balance in the bank account to pay the check. The plaintiff filed a bill to impress the fund with a trust to the amount of the check which he held. In affirming the decree of the lower court granting the relief prayed for, we said the plaintiff had succeeded in tracing his money. "The brokers received the money in question as agents for plaintiff, without authority to use it as their own, and he did not lose his title thereto by its deposit in their bank account, so long as it could be traced. In such case it is the identity of the fund, not of the pieces of coin or bank notes, that controls." Appellant seeks to distinguish that case because of the statement in the opinion "Had they [the brokers] used it for their own purposes and placed other funds in the account, an entirely different case would be presented; as there would have been, had the agent been a banking institution and mingled the funds with those of others in the general course of business." It is clear that what was there meant was, that the usual relation between bank and depositor should exist, or, that the relation between

them, should be that of trustee and cestui que trust, if the principle adverted to was to apply. In the present case no such relation existed. As was said in that opinion, "It is, however, not the fact of the trust relation that entitles plaintiff to priority, but his ability to trace the fund as his property: Lifter v. The Earle Co., 72 Pa. Superior Ct. 173; 34 Cyc. 348."

The court below made proper disposition of the case and its order is affirmed at the cost of appellant.