Erie County et al. v. Lamberton et al., Appellants.

Argued May 14, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

409

*Miles B. Kitts,* with him *Charles P. Hewes,* for appellants.—All parties interested in the controversy were not made parties to the action: Geesey v. York City, 254 Pa. 397; Findley v. Warren, 244 Pa. 64; Monessen Boro. v. Water Co., 243 Pa. 53.

Money involved was not trust funds: Citizens Bank v. Alexander, 120 Pa. 476; Laubach v. Leibert, 87 Pa. 55; Hunter v. Henning, 64 Pa. Superior Ct. 366; Miller's App., 218 Pa. 50; Bank's Assigned Est., 166 Pa. 622; Slaymaker v. Bank, 103 Pa. 616; Sibbs v. Society, 153 Pa. 345.

Plaintiffs having obtained judgments in the orphans' court for Cutter's indebtedness to them cannot follow the fund in suit: Floyd v. Browne, 1 Rawle 121; Merrick's Est., 5 W. & S. 9; Marsh v. Pier, 4 Rawle 273.

Liability of dead official to the County of Erie could only be determined by the county controller: Snyder v. Berkey, 259 Pa. 489; Controller's 52d Report, 59 Pa. Superior Ct. 450; Cunningham's Report, 62 Pitts. 145; Com. v. Unangst, 18 Northampton Co. R. 265.

*Charles P. Hewes,* with him *Miles B. Kitts,* for E. H. Lamberton, appellant.—In the transaction between Mr. Cutter and Mr. Lamberton it may have been invalid and fraudulent as to Mr. Cutter and perfectly valid and right as to Mr. Lamberton: Foulke v. M'Farlane, 1 W. & S. 297; Calhoun's App., 39 Pa. 218; Allegheny City v. Mc-Clurkan, 14 Pa. 81; Mann's App., 1 Pa. 29.

By the Act of 1715, a mortgagee is compelled to enter satisfaction on the record upon being paid the sums due,

under penalty of a forfeiture of any sum not exceeding the mortgage money.

The acts of public officers, where the rights of the public require, should be construed with liberality. There is always a presumption that they are in accordance with law. The presumption can be repelled only by clear evidence of illegality: Danville Hospital v. Overseers, 163 Pa. 175.

The word "assignee" appended to the name of a depositor in his account does not earmark the fund and gives it no identity as belonging to any particular person or fund: Laubach v. Leibert, 87 Pa. 55; Patterson v. Bank, 130 Pa. 419; Stair v. Bank, 55 Pa. 364; Burger v. Burger, 135 Pa. 499.

And if Mr. Cutter was acting within his rights, Mr. Lamberton cannot be affected injuriously thereby: Bentz v. Rockey, 69 Pa. 71; Uhler v. Maulfair, 23 Pa. 481; Bear's Est., 60 Pa. 430; Mason v. Poor Directors, 126 Pa. 445.

The law will not presume fraud. Burden of proof lies on the person who would avail himself of the fraudulent conduct imputed: Pine v. Vanuxem, 3 Yeates 33; Bear's Est., 60 Pa. 430; Werner v. Zierfuss, 162 Pa. 360.

*Harold F. Mook,* County Solicitor, with him *L. E. Torry,* for appellees.—The bank account "Ross H. Cutter, clerk of courts" was a trust fund: Stair v. Bank, 55 Pa. 364; Vosburgh's Est., 279 Pa. 329.

Being a trust fund, plaintiffs as cestuis que trust can follow it in equity: Wallace v. Duffield, 2 S. & R. 521; Metzger v. Trust, etc., Co., 220 Pa. 535; Callahan's App., 124 Pa. 138; Independent B. & L. Assn. v. Title Co., 156 Pa. 181; Red Jacket Tribe No. 28 v. Gibson, 70 Cal. 128, 12 Pac. 127.

Tenants by entireties are, in contemplation of law, one and the same person: McCurdy v. Canning, 64 Pa. 39; Gasner v. Pierce, 286 Pa. 529.

If, for the purposes of this case, Mr. Lamberton, the mortgagee, must have had notice that the payment he received was trust funds, the check he received was sufficient notice to him: Garrard v. R. R., 29 Pa. 154; Trefts v. King, 18 Pa. 157.

This suit in equity is, in fact, a proceeding ancillary to a final settlement of the Ross H. Cutter estate: Cutter's Est., 286 Pa. 505.

The bill is not bad for nonjoinder of parties: Wilson v. McCullough, 19 Pa. 77; Evans v. Wilmer, 210 Pa. 624; Hartley v. Langkamp & Elder, 243 Pa. 550.

Plaintiffs are not precluded from following the fund in suit by reason of any judgment obtained in the orphans' court: Cutter's Est., 7 Erie Co. L. J. 166.

The appellant's argument that the liability of a dead county official can only be determined by the county controller is entirely immaterial as well as fallacious.

OPINION BY MR. JUSTICE SADLER, July 1, 1929:

Ross H. Cutter was clerk of the courts of Erie County from 1916 until his death in 1922. At one time he kept a personal account in the bank with which he dealt, but prior to 1921, and thereafter, all of his deposits were made as "clerk of courts." The county controller of Erie County has no statutory right to audit the accounts of such officer, though he had the power of county auditors to adjust annually the affairs of other officials, as fixed by the Act of April 15, 1834, P. L. 545, section 48. (See Lloyd v. Smith, 176 Pa. 213; Scranton v. Lackawanna Co., 214 Pa. 509; Act June 27, 1895, P. L. 403, section 15.) He set forth in his report, however, that there had been collected and remained due by the clerk for the years 1921 and 1922, $10,843.17, on account of moneys paid, bail forfeited and sums received through the orphans' court, though this finding was not conclusive.

Cutter died, and his estate, upon adjudication, was found to be insolvent. The orphans' court, in a deter-

mination, to which no exception was taken, found that, at the time of his death, he had on hand for the law library $804.74, as clerk of the courts, $10,337.06, clerk of the quarter sessions, $7,345.46, and clerk of the oyer and terminer, the sum of $309.09. Of this total, his surety on three bonds paid $10,309.09, leaving a shortage of several thousand dollars. The balance for distribution was insufficient to pay the claims against the decedent, which were presented and allowed.

On September 25, 1919, one Yaple conveyed to Ross H. Cutter and Bess E. Cutter, his wife, as tenants by entireties, a certain property in the City of Erie. The consideration named was $6,050, and the deed was made subject to a mortgage dated September 3, 1913, for $3,500, which the grantees assumed as part of the purchase price. This obligation was assigned to E. H. Lamberton, one of the defendants in this proceeding. On October 5, 1921, the principal, with the interest remaining due, was paid to him by a check for $3,517.50, drawn on the Security Savings & Trust Company, signed "Ross H. Cutter, clerk of courts," and the mortgage was thereupon satisfied of record.

After the orphans' court had determined the default of Cutter, and that the mortgage had been paid from the official funds deposited by him as "clerk of courts," it directed that the satisfaction be stricken off, and the money misappropriated be returned for proper distribution. On appeal, this decree was reversed because the tribunal named was without jurisdiction to enter such an order, having no general equity powers, and the record was returned without prejudice: Cutter's Est., 286 Pa. 505. Thereupon a bill in equity was filed by the County of Erie and the Law Library Association on behalf of themselves and others having an interest, setting forth the facts already detailed, and asking that the mortgage be reinstated and Lamberton directed to pay back the sum received by him on October 5, 1921. The latter prayer was amended so as to request either that

the money with interest from the date of payment be returned to the custody of the court, or, in the alternative, that he be ordered to assign, without recourse, the security to the plaintiffs, or a trustee to be appointed, so that the sum represented thereby could be collected and distributed amongst those entitled thereto.

Answers were filed by Lamberton as well as by Bess E. Cutter, now Pastorius, the wife of the defaulter, and the surviving tenant by entireties, who was joined as a defendant. It was first contended that the equity proceeding was fatally defective in not naming the estate of Cutter as a party, but this was not requisite as it had no interest in the realty, the property having passed to the survivor upon his death. The wife, who acquired the title freed from the mortgage, paid with misappropriated funds, was the real defendant. No relief was sought against Lamberton individually, except as noted, and the plaintiffs merely asked to be placed in the same position as before the fraud was committed. No rights have intervened, and he will not be harmed if the order now asked by plaintiffs is entered.

It was further suggested that, since the original mortgage had been executed by Yaple and wife, and assumed by the Cutters when they purchased the property, the former were also necessary parties. The bill asked no relief against either. The only possible way in which any personal liability could be imposed upon them would be by a deficiency judgment after foreclosure of the reinstated lien, for Yaple is dead, and there could be no confession of judgment on his bond containing a warrant of attorney, and a recovery by scire facias on the mortgage would not involve a personal obligation of those who executed it: Wilson v. McCullough, 19 Pa. 77; Evans v. Wilmer, 210 Pa. 624. Any objection to the joinder of these individuals as parties is obviated, however, by waiver of any request, for relief against them, as here expressly appears: Brown v. McCullough, 60 Pa.

Superior Ct. 98. It is not necessary to join persons against whom no redress is sought: 21 C. J. 262.

The present proceeding had for its purpose the protection of the parties entitled to the official fund, whose claims have been approved by the orphans' court, and was based upon the misappropriation by decedent of the moneys which were deposited on their behalf. The orphans' court had no jurisdiction to direct that the satisfaction of the mortgage be cancelled, but equity can furnish the necessary relief. "Where an obstacle exists to the assumption of jurisdiction by the probate court, which only a court of equity can remove, equity will take jurisdiction to remove the obstacle": 21 C. J. 125.

The money withdrawn, and used to satisfy the mortgage, was identified as held by Cutter as an officer of the court. "Where the agent has mingled his own property with that of the principal, the latter may reclaim from the admixture an amount equal to his own although it may not be the same identical property": Webb v. Newhall, 274 Pa. 135; Vosburgh's Est., 279 Pa. 329; Conneautville Bank's Assigned Est., 280 Pa. 545. Being a trust fund for the benefit of plaintiffs it can be followed in equity so long as identification is possible (McLaughlin v. Fulton, 104 Pa. 161; Kauffman v. Kauffman, 266 Pa. 270), even though not especially earmarked, as here: F. & M. National Bank v. King, 57 Pa. 202. And the equity court has power to strike off the satisfaction of a mortgage and reinstate it of record, directing the return to the cestui que trust of the misappropriated fund used to pay the obligee: Callahan's App., 124 Pa. 138; I. B. & L. Assn. v. Real Estate Title Co., 156 Pa. 181.

If the title to the real estate in question had been taken in the name of Cutter alone, trust funds expended for its purchase could unquestionably have been followed into the land (Wallace v. Duffield, 2 S. & R. 521), and the same result would be reached had the deed been made in the name of Mrs. Cutter herself: Frazier v.

Foreman, 269 Pa. 13. Naming the husband and wife as tenants by entireties makes no difference in equity so far as the surviving tenant is concerned. If her contention is sustained she would now hold the property free from the lien of a mortgage paid from funds belonging to the plaintiffs, and enjoy the results of the fraud of her husband. "It is a familiar principle that neither a trustee nor any in privity with him can acquire any rights by a breach of the trust" (Metzger v. Lehigh Valley Trust Co., 220 Pa. 535), and tenants by entireties are in contemplation of law in privity: McCurdy v. Canning, 64 Pa. 39; Gasner v. Pierce, 286 Pa. 529; O'Malley v. O'Malley, 272 Pa. 528. "Estates [so held] cannot be created at the expense of creditors and held in fraud of the latter's right. Where the circumstances are such that it would be fraudulent as to the creditors of the husband to take the entire title in the name of the wife, it is no less a fraud upon them for the title to be taken in the name of husband and wife jointly": 30 C. J. 574.

It is urged that the designation of the fund as that of "clerk of courts" is not enough to show the moneys included therein are held in trust. Many authorities have been cited by appellants to establish this principle, but an examination will show they deal with the relations between the depositor and the receiving bank. "Not infrequently public officers are called bailees, and again are said to hold public funds as trustees and clothed with their legal duties and obligations. Yet by the weight of authority a public officer is not, like a trustee or an agent, the mere bailee or custodian of the money in his hands. He is called on to account to a much more rigorous standard of responsibility": 22 R. C. L. 468. Though in some jurisdictions it has been held the officer becomes merely a debtor when the fund is deposited in his official account, yet in Pennsylvania such moneys may be followed by those entitled thereto, and reclaimed against one into whose possession they have come, where he had actual or implied notice of their character. This was

early held where purchase money so paid was devoted to the use of another: Reed's App., 34 Pa. 207. To the same effect is Hill v. Flemming, 128 Ky. 201, 107 S. W. 764. It was said in the former case (page 209): "A sheriff has no right to traffic off money and property in his hands by virtue of his office, and which belongs to other people. Although his sureties might be answerable for his want of fidelity, this does not prevent equity from following trust property as long as it can be identified, and reclaiming it for the benefit of those entitled. Both the creditors and sureties, in a case like the present, have such rights as entitle them to interpose."

Lamberton, the mortgagee, received a check drawn on an official account, and had implied notice that the funds did not belong to Cutter in his individual capacity; and the court has found the existence of his knowledge of the true state of facts, which it was warranted in concluding, as it did in Trefts v. King, 18 Pa. 157. He made no inquiry, in so far as appears, as to the authority of the drawer of the check to so use the deposit held as "clerk of courts." "A purchaser or transferee of trust property is also chargeable with constructive notice of the trust, where the instruments or papers, which he receives or which are so connected with the transaction that he is bound to take notice of them, show or indicate on their face that the property is of a trust character": 39 Cyc. 565. It has been found by the chancellor that the entries in the account of the clerk of courts were there held by Cutter in his official capacity and for a definite purpose. Even if he was personally entitled to a small portion of the deposit, it did not appear that this amount equalled what was withdrawn by the Lamberton check.

Prima facie, the money belonged to the officer, as designated when the deposit was made (Egbert v. Payne, 99 Pa. 239; First National Bank v. Mason, 95 Pa. 113; 7 C. J. 639; 1 Bolles on Banking 480), and was held as trustee for those entitled to it. Defendants did not

ask the court to find the entire deposit belonged to Cutter as an individual, but only, in the fifth request, that the evidence failed to show the payment to Lamberton was not from an excess balance due him. The burden was on them to prove the money was not that of the clerk of courts, as it purported to be: Israel v. Woodruff, 299 F. 454; 7 C. J. 639. Under the circumstances, the presumption arose that the funds were not personal deposits, and the check was itself drawn on the official account, the drawer so designating it by the addition of the words "clerk of courts" to his signature. No intervening rights interfere with the entry of a proper decree, and Lamberton, the mortgagee, will be fully protected by the order which plaintiffs now ask to have made.

The facts of the case require, however, that the decree entered be modified. It directs not only that the money paid to Mr. Lamberton be returned, but that the satisfaction of the mortgage be stricken off. The effect would be to restore to him the mortgage, with interest from October 5, 1921, upon payment of $3,517.50, the sum which he received then, though he has since had the use of the fund paid. An equitable result can best be reached, as plaintiffs suggested on argument, by striking off the satisfaction of the mortgage, which shall be thus reinstated as of the same force and effect as immediately previous to October 5, 1921, the day of the payment, and directing that Lamberton be ordered and directed to assign, set over and transfer it, without recourse, to a trustee to be appointed by the court, the fund derived to be subject to distribution amongst those found to be entitled thereto by the orphans' court.

The decree of the court is modified, and it is ordered and directed that satisfaction of the mortgage, assigned to E. H. Lamberton, recorded in Mortgage Book 81, page 768, of Erie County, and payment of which was assumed by Ross H. Cutter and Bess E. Cutter, be stricken from the record, and that the said E. H. Lamberton is ordered and directed to assign, set over and transfer,

without recourse, the said mortgage to a trustee to be appointed by the court, who shall collect the same with interest thereon from October 5, 1921, or so much there-of as may be secured, for the benefit of complainants and such other creditors as may be determined by the or-phans' court entitled to share in the distribution, and, as so modified, the decree is affirmed, the costs to be paid by the estate of Ross H. Cutter.