THE STATE OF IOWA ex rel B. F. CARROLL, Auditor of State, v. THE CORNING STATE SAVINGS BANK ET AL, P. H. BEVIN, Receiver, and the ROCK ISLAND PLOW COMPANY, Interveners and Appellants.

**Receiver:** DEPOSIT OF FUNDS. A receiver is only held to an exer-
1   cise of ordinary care in the selection of a bank as a depository of trust funds.

**Same.** The fact that the bank, in which a receiver deposits trust
2   funds is a creditor of the insolvent estate will not render such deposit wrongful.

**Preferences.** The fact that the decree in a contest between the
3   bank, with which a receiver deposited trust funds, and another creditor of the estate provided that the deposit might be paid to the bank on its claim pending the litigation, upon the execution of a bond conditioned upon a production of the same for the benefit of the creditor finally adjudged to be entitled thereto, of which provision the bank did not avail itself but permitted the deposit to remain as before, did not create a preference to the fund in the other creditor upon a decree in its favor.

*Appeal from Adams District Court.*— HON. W. E. MILLER,
Judge.

FRIDAY, OCTOBER 20, 1905.

P. H. BEVIN was appointed receiver of the insolvent
estate of T. C. Reid, which was reduced to money prior to
June 1, 1898, and deposited in the Corning State Savings
Bank. The account continued until the bank closed and
C. F. Andrews was appointed receiver in February, 1904, at
which time there was a balance of $1,466.63. The course
of the litigation necessitating this long delay appears in *First
Nat. Bank v. Reid,* 122 Iowa, 280, in which action the Rock
Island Plow Company finally procured a judgment for the
possession of certain hay loaders fixing their value, and an
order directing Bevins, as receiver, " to pay to the Rock
Island Plow Company the amount of the foregoing judg-
ment, $1,750, with interest thereon at the rate of 4 per cent.
per annum from the 28th day of June, 1893." Thereafter
Bevins, as receiver, and the Rock Island Plow Company,
intervened in the action in which a receiver for the bank was
appointed, and prayed that the balance due Bevins, as re-
ceiver, be declared a preferred claim, and that the receiver
of the bank be ordered to pay the same to the plow company.
Upon hearing, the petition of intervention was dismissed.
Bevins, as receiver, and the Rock Island Company, appeal.
— *Affirmed.*

*Flickinger Bros.,* for appellants.

*Maxwell & Maxwell,* for appellee.

LADD, J.— A receiver may deposit the funds of an
insolvent estate coming into his hands as such in a bank of
good standing and repute. In determining the character of
the bank that degree of prudence and care is exacted which
is ordinarily exercised by reasonably cautious men in trans-

acting their own business of like importance, and the same rule obtains with reference to continuing the deposit. Beach on Receivers, section 309; Officer v. Officer, 120 Iowa, 389; Terrell v. Terrell, 69 N. C. 59; Barton's Ex'r v. Ridgeway's Adm'r, 92 Va. 162 (23 S. E. Rep. 226); 23 Am. & Eng. Ency. Law (2d Ed.) 1097.

1. RECEIVER: deposit of funds.

II.   The deposit in the instant case was made in the Corning State Savings Bank, a party to the litigation in which the receiver was appointed, and appellant insists that for this reason it was wrongful.   But the relation of the bank as a creditor of the estate and that of it as a depository of an officer of the court are entirely distinct and separate.   It could not apply the receiver's funds on its claims, nor plead said claims as an offset to his demands for the deposit, at least not in excess of the amount previously ordered by the court to be paid thereon.   Possibly the fact of a bank being a creditor might have some bearing on the care to be exercised in the selection by a receiver but certainly it is not ground for rejecting such a bank as an illegal depository of the moneys of an estate for safe keeping.

2. SAME.

III.   All the moneys save $139.90 were deposited with the bank before 1896, and that in 1898.   In a controversy over certain hay loaders, part of the property involved in the action in which the receiver was appointed, the district court decreed that the Corning State Savings Bank was entitled to the proceeds of their sale as against the claim of the Rock Island Plow Company, and a portion of the decree provided that upon the execution by " the Corning State Savings Bank, of a bond in double the amount herein ordered to be promptly paid to said bank, being an amount in excess of the deposit ($1,466.63) with good and sufficient sureties to be approved by the said clerk, conditioned for the said bank to pay any party or parties to this suit who may be found on appeal

3. PREFERENCES.

entitled to said fund, or any part thereof, the said receiver is hereby authorized to pay said bank, so filing said bond, the amount which said bank is entitled to receive under the provisions of this decree."

The evident object of this provision was to allow payment to the bank by the receiver in accordance with the decision, and at the same time protect the plow company by the execution of a bond as security against loss in event of a reversal on appeal. But the bank did not avail itself of the privilege, and the money continued on deposit pending appeal precisely as before, and subject to the order of the receiver. In what way this could have affected the relationship of the receiver to the bank we are not advised. It merely omitted to avail itself of the benefit of this portion of the decree. The character of the deposit continued unchanged, and there is nothing in the record to indicate any want of prudence on the part of the receiver in allowing it to remain. We conclude that there is no ground for declaring a preference in favor of the Rock Island Plow Company, which appears entitled to the balance due the receiver, or in favor of the receiver, Bevins, as against the receiver of the bank.— *Affirmed.*