# Miller's Appeal.

*Trust and trustees—Following trust fund—Receiver—Surety.*

Where a receiver deposits the moneys of his estate in a trust company, which is the surety on his bond, and it is arranged that the moneys shall bear interest and shall be subject to check with the counter signature of the officers of the trust company, and such moneys are mingled with the general funds of the company, the receiver cannot, after the insolvency of the trust company, claim that he is entitled to have returned to him out of the assets of the company the whole of the balance of his account, under a rule of court which provides: "That all corpo-

rations approved as security shall keep any and all moneys and securities which may have been received by them from persons for whom they may become sureties separate from all other funds or securities, and in a separate and earmarked account."

Argued March 28, 1907. Appeal, No. 121, Jan. T., 1907, by N. Dubois Miller, receiver of Pennsylvania Mutual Life Insurance Company, from decree of C. P. No. 5, Phila. Co., June T., 1905, No. 2,040, dismissing petition to pay balance in full in case of Commonwealth ex rel. v. City Trust, Safe Deposit & Surety Company of Philadelphia. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Petition to pay money.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court dismissing the petition.

*N. Dubois Miller* and *John J. Ridgway*, with them *J. Rodman Paul*, for appellant.—The relation between the city trust company and the appellant was that of trustee and cestui que trust and not that of debtor and creditor.

The appellant is entitled to have returned to him out of the cash assets which came into the trust company's receiver's hands, whether they exist in the form of bank bills or bank balances, the whole amount of the cash deposited by him with the city trust company, less the amounts paid on account by his checks: Hallett's Est., L. R., 13 Ch. Div. 696; Witecomb v. Jacob, 1 Salk. 160; Pennell v. Deffell, 4 De G., M. & G. 372; In re Oatway, L. R. 2 Ch. (1903) 356; In re Mulligan, 116 Fed. Repr. 715; Roca v. Byrne, 145 N. Y. 182 (39 N. E. Repr. 812); Drovers', etc., Nat. Bank v. Roller, 85 Md. 495 (37 Atl. Repr. 30); Farmers' & Mechanics' Nat. Bank v. King, 57 Pa. 202.

*John Kent Kane*, with him *Murdock Kendrick* and *Staake & Patton*, for appellee.—No preference existed in favor of appellee: Carmany's App., 166 Pa. 622; Freiberg v. Stoddard, 161 Pa. 259; Farrell's Assigned Est., 17 Pa. Superior Ct. 240.

The case of Cobson's Est., 3 Pa. Superior Ct. 244, is directly in point.

OPINION BY MR. JUSTICE FELL, April 29, 1907 :

The appellant was the receiver of the Pennsylvania Mutual Life Insurance Company, and made a written application to the City Trust, Safe Deposit & Surety Company requesting it to become surety on his bond. In this application he agreed that all assets coming into his hands as receiver should be deposited with the trust company, that his account should be subject to check only for the purposes of the estate, and that all checks should be countersigned by the trust officer of the company. The money deposited was to bear interest. On March 20, 1905, the appellant deposited with 'the trust company a check for $17,768.52, which on the same day was deposited by the trust company in the Third National Bank,. with other checks aggregating $47,104. The trust company's account with the bank was a general one, and was increased and decreased from time to time. Its deposits with the bank at one time amounted to $619,202, and included other money received by the trust company on the same conditions as that received from the appellant. The balance was reduced by withdrawals in the ordinary course of business to $3,263. On June 21, 1905, when the trust company became insolvent, the balance to its credit in the Third National Bank was $13,054, and in other banks $430,000. At this date there were balances due to others who had made deposits with the trust company under the same circumstances that the appellant had, and whose deposits had been placed in the Third National Bank, aggregating $20,369. The checks drawn by the appellant before the insolvency of the trust company were not paid out of the funds deposited by it in the bank, but out of funds received by it in the ordinary course of its business. It was the practice of the trust company to keep a separate and earmarked account of money and securities deposited with it as indemnity or counter security, but money deposited with it by a person occupying a fiduciary relation, subject to check with the counter signature of the officers of the trust company and bearing interest, was mingled with the general funds of the company.

The claim of the appellant was that the relation between the City Trust Company and him was not that of debtor and creditor, but that of trustee and cestui que trust, and that he was entitled to have returned to him out of the assets of the

trust company the whole of the balance standing on the books to his credit as receiver of the insurance company. This claim was not based on any arrangement made with him when the account was opened, but upon the fact that a rule of the courts of common pleas of Philadelphia provides that all corporations approved as surety shall keep all moneys and surety received by them from persons for whom they become security in separate and earmarked accounts, and that a stipulation to this effect was included in the general application of the trust company to the courts to be approved as surety. This claim was disallowed on the ground that the case presented by the petition and answer was not that of one whose money had been received by a fiduciary and mingled with other money, and could be traced, but of one who had made a deposit that bore interest, was subject to check and was placed in the general funds of the trust company.

There was no error in refusing the prayer of the appellant's petition. His deposit was made on the same terms; except for the restriction mentioned as to countersigning checks as other deposits. That restriction was for the protection of the trust company as surety, and in no other respect affects the relation of the parties. If the rule of court applies to a deposit of this character it was not observed, and no trust relation was established. If it had been established, the appellant would not have been entitled to a preference. His money was mingled in a deposit of $619,000, over $20,000 of which was deposited by other persons for whom the company was surety. The total fund was reduced to $3,263. By no possibility could more than $3,263 of the balance due by the bank to the trust company at the time of its failure be traced as a trust fund, and, even if it could be traced, the appellant would have no claim to it higher than the claim of others who had deposited on the same conditions.

The order of court is affirmed at the cost of the appellant.