# Groff *v.* City Savings Fund & Trust Company.

*Insolvency—Preferences—Trust funds.*

1. A person claiming to be a trust creditor must, in order to establish his right to a preference, trace the trust money into some specific property, fund, security, or account of the insolvent, which has passed into the hands of the receiver or assignee, and the proceeds of which are to be distributed. He must identify the fund out of which he demands to be preferred in distribution either as the original trust property or as the product of it.

2. Where a trust company deposits in a national bank for collection a certificate of deposit which it held as counter indemnity for liability on an executor's bond, and the bank passes the proceeds of the certificate to the trust company's account, and thereafter the trust company reduces the account below the amount represented by the certificate, and finally on the insolvency of the trust company, the bank applies the whole balance as a set-off to its own claim against the trust company, the executor cannot claim a preference over general creditors in the distribution of the assets of the insolvent trust company.

Argued Nov. 16, 1910. Appeal, No. 165, Oct. T., 1910, by Charles T. Waldo, executor of Sarah W. Haines, from order of C. P. Lancaster Co., Equity Docket, No. 4, p. 183,

dismissing exceptions to report of auditors in case of Annie H. Groff v. City Savings & Trust Company of Lancaster. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to report of W. T. Brown, William N. Appel and John A. Nauman, Esqs., auditors.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to auditors' report.

*J. W. Johnson,* for appellant.—When a trustee pays money into a bank to his credit, the account being a simple account with himself, not marked or distinguished in any other manner, the debt thus constituted from the bank to him is one which, as long as it remains due belongs specifically to the trust as much and as effectually as the money so paid would have done had it specifically been placed by the trustee in a particular depository and so remained: Farmers' & Mechanics' Nat. Bank v. King, 57 Pa. 202; Voight v. Lewis, 11 Phila. 511; Cox's Est., 5 W. N. C. 474; Sheetz v. Neagley, 13 Phila. 506; Frazier v. Erie Bank, 8 W. & S. 18; Stair v. York National Bank, 55 Pa. 364; Assigned Estate of National Fire Ins. Co., 14 Phila. 149.

*W. H. Keller,* of *Coyle & Keller,* with him *John E. Malone,* for appellee.—Where there is a failure to trace trust funds into any specific property of the trustee, they are not entitled to priority of payment over the claims of other creditors, although the trustee may have continued to pay interest on the securities in the form in which they originally came into his hands: Thompson's App., 22 Pa. 16; Solicitor's Loan & Trust Co.'s Assigned Est., 3 Pa. Superior Ct. 244; Lebanon Trust & Safe Dep. Bank's Assigned Est., 166 Pa. 622; People's Bank's App., 93 Pa. 107; Farrell's Assigned Est., 17 Pa. Superior Ct. 240;

Freiberg v. Stoddard, 161 Pa. 259; Miller's App., 218 Pa. 50.

OPINION BY PORTER, J., April 17, 1911:

This is an appeal from the decree of the court below distributing the funds in the hands of J. H. Rathfon, receiver of the City Saving Fund & Trust Company of Lancaster, an insolvent corporation. The appeal is by Charles T. Waldo, executor of the will of Sarah W. Haines, deceased, who asserts that the claim which he represents is entitled to preference in payment, as against the demands of the general creditors of the insolvent corporation. Waldo, as executor, had been required to give bond, the trust company had become his surety, and there had been delivered and transferred to said company, by or on behalf of the executor, to indemnify it against loss on account of said suretyship, a certificate of deposit for $1,237.17, issued by the Rising Sun National Bank of Rising Sun, Maryland. This certificate had been issued to Sarah W. Haines in her lifetime, was dated October 13, 1903, and payable twelve months after the date thereof, with interest at the rate of three per cent per annum. The trust company collected the amount of the certificate, with the interest, when it became payable, in October, 1904. The trust company failed, in the latter part of January, 1905, and Rathfon was duly appointed receiver to wind up its affairs. The receiver having filed an account this appellant asserted the right to have the claim which he represented paid in full out of the fund for distribution, which claim the court below disallowed and awarded to the appellant the same percentage upon his claim which was paid to other creditors; from that decree we have this appeal.

The specifications of error are many, but those which have even a remote connection with the question which controls this case are few. Let it be conceded that the claim of the appellant grew out of a trust relation, and, further, that the insolvent trustee had been guilty of

some breach of duty growing out of that relation; yet these facts standing alone afforded no ground for holding that this claimant was entitled to a preference in the distribution of the funds of the insolvent corporation, as against general creditors. A trust creditor is not entitled to preference over general creditors of the insolvent merely on the ground of the nature of his claim. To authorize such a preference, some specific recognized equity founded on the relation of the debt to the assets, in the hands of the assignee or receiver, and which entitles the claimant, according to equitable principles, to a preference in payment out of those assets, must be established by evidence. The person claiming to be a trust creditor must, in order to establish his right to a preference, trace the trust money into some specific property, fund, security, or account of the insolvent, which has passed into the hands of the receiver or assignee, and the proceeds of which are to be distributed. He must identify the fund out of which he demands to be preferred in distribution either as the original trust property or as the product of it: Miller's Appeal, 218 Pa. 50; Com. ex rel. v. Union Surety & Guaranty Co., 37 Pa. Superior Ct. 179, and cases there cited. The right to pursue the fund fails when the means of identifying and ascertaining it fail. "This is always the case when the subject-matter is turned into money and mixed and confounded in a general mass of property of the same description:" Thompson's Appeal, 22 Pa. 16. These principles must be applied in those cases in which the trustee has wrongfully converted securities into money, as well as in cases in which, under the terms of the trust, he is authorized to change the character of the investment: Hopkins' Appeal, 7 Sadler, 143. The evidence in this case entirely failed to indicate that the proceeds of the trust fund, which this appellant claims, had passed into any particular property, fund, security or account of the insolvent corporation which had come into the hands of the receiver; there was an utter failure to trace the trust property,

or its proceeds. There was nothing in the evidence which would have warranted a finding that any property or right which came into the hands of the receiver was a substitute for the original subject-matter of this trust. The evidence did establish that the original certificate of deposit, issued by the Rising Sun National Bank, had been collected by the insolvent trust company through its Philadelphia correspondent, the Girard National Bank, on October 15, 1904. The Girard National Bank credited the amount of the certificate thus collected to the account of the trust company, its correspondent. The account of the Girard National Bank with the trust company, which was offered in evidence, disclosed that on the day before the proceeds of this certificate were thus credited to the account of the trust company there was a balance of $65,094.67, due to the trust company from the bank. Other deposits were made by the trust company in the account, but during the days immediately following very large drafts were drawn against this account by the trust company, which were paid by the bank, and at the close of business on October 19, 1904, the entire balance of the trust company in the Girard National Bank, including the proceeds of this certificate of deposit, had been withdrawn, and there was an overdraft of $106.14 against the trust company. This conclusively settled the question that all the proceeds of this trust fund had passed out of the Girard National Bank account, and there was no attempt to follow it further. The trust company subsequently made other deposits in the Girard National Bank and drew drafts against the same; there was an apparent balance due from the bank to the trust company at the time the latter closed its doors, but the bank credited this balance upon account of a loan which it had made to the trust company, and the receiver never collected any money or received any other thing of value from the Girard National Bank. The appellant had failed to establish the facts which might have entitled him to preference in payment out of the fund for dis-

tribution, and the court below very properly held that he should receive out of this fund only the same percentage upon his claim which was paid to other creditors.

The decree of the court below is affirmed and the appeal dismissed at cost of the appellant.