# Lifter *v.* The Earle Company. Appeal of Mastbaum et al., Receivers.

*Trusts and trustees—Commingling of assets — Solvency — Preferred claims.*

A party claiming preference to funds in the hands of a receiver of an insolvent firm, on the ground that certain moneys belonging to it were paid to the insolvent as trustee, cannot recover as a preferred creditor, when the trustee deposited the funds in the general assets of the firm, and they are in no way identified as the property of the claimant.

A trust creditor is not entitled to preference over general creditors of the insolvent, merely on the ground of the nature of his claim. To authorize such a preference some specific, recognized equity, founded on the relation of the debt to the assets in the hands of the assignee or receiver, and which entitles the claimant to a preference out of those assets, must be established by evidence. The person claiming to be a trust creditor must, in order to establish his right to a preference, trace the trust money to some specific property or fund of the insolvent, and must identify the fund out of which he demands to be preferred, in distribution, either as the original trust property or as the product of it.

Argued Nov. 15, 1918. Appeal, No. 172, Oct. T., 1918, by Jules E. Mastbaum, John A. McCarthy and John K. Wilson, Receivers of the Earle Company, from the final decree of C. P. No. 3, Philadelphia Co., Dec. T., 1917, No. 3329, in equity in the case of Joseph J. Lifter, trading as Lifter Ice Cream Company, v. The Earle Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and WILLIAMS, JJ. Reversed.

Petition of National Commodities Company for rule to show cause why its claim against the Earle Company should not be allowed as a preferred claim. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule to pay the claim of the petitioner as a preferred claim.

*Error assigned* was the order of the court.

*Gordon A. Block,* and with him *Henry W. Schorr, Morris Wolf* and *Horace Stern,* for appellant.—The claimant was merely a general creditor and was not entitled to a preference: Huthmacher v. Harris, 38 Pa. 491; Farrell's Assigned Estate, 17 Pa. Superior Ct. 240; Commonwealth v. Tradesmen's Trust Company, 61 Pa. Superior Ct. 137.

Even if the plaintiff was a trustee the commingling of the assets defeated any preference: Thompson's App., 22 Pa. 16; O'Neill v. O'Neill, 227 Pa. 334; 39 Cyc. 544.

*Frank Smith,* and with him *Forrest Dickerman,* for appellees.—The defendant was a trustee and the claimant was entitled to a preference: Commonwealth v. Tradesmen's Trust Company, 250 Pa. 378; Warner v. McMullin, 131 Pa. 370; Farmers & Mechanics National Bank v. King, 57 Pa. 202; Derbyshire's Estate, 11 D. R. 316.

OPINION BY PORTER, J., July 17, 1919:

The Earle Company was adjudged to be insolvent by the court below and the appellants were, on February 4, 1918, appointed receivers to wind up its affairs, dispose of its assets and make distribution of the proceeds. George H. Grone et al., trading as the National Commodities Company, presented their petition to the court below, averring that they had entered into a business arrangement with the Earle Company, "known in department store trade as a demonstration," and in accordance with said agreement and trade custom, went into the store of the Earle Company with their own sales persons and sold hair nets at a particular counter provided by the Earle Company; that the sales people for the Na-

tional Commodities Company turned over the cash each evening to the Earle Company; that settlement for the sales during each month was to be made on the tenth of the following month upon receipt of bills showing itemized daily sales; that the Earl Company was to retain forty per cent of the amount of the sales and return to the petitioners the other sixty per cent of said amount on the tenth day of each month; that the petitioners had under this arrangement sold goods to the amount of $184.45 and turned that amount of cash over to the Earle Company and were entitled to have returned sixty per cent of said amount, being $110.67. The petitioners averred that their claim was entitled to a preference over those of the general creditors and prayed the court to make an order directing the receivers to pay the same. The learned judge of the court below was of opinion that the course of dealing between the parties did not constitute them creditor and debtor, but trustee and cestui que trustents, and from the mere fact of the trust relation the petitioners were entitled to a preference in payment out of the assets of the insolvent company, and made absolute a rule to show cause why the receivers should not pay the claim in full. The receivers appeal from that decree.

The appellants admit the facts stated in the petition to be true but they challenge the correctness of the conclusion attempted to be drawn therefrom. The parties did not take testimony and the question is: Do the facts alleged in the petition establish that the claim of the petitioners is entitled to a preference over those of general creditors in payment out of the assets of this insolvent company? The arrangement between the National Commodities Company and the Earle Company did not constitute the former a seller and the latter a buyer of the goods which the former sold to other persons, although the sales were made on the premises of the Earle Company. It lacked some of the essential elements of a consignment of goods for sale, for the Earle Company did not have the right to sell the goods, the sales

were made by the employees of the owner of the goods. The National Commodities Company used the counter allotted to them in the store of the Earle Company and that was the only connection which the latter company had with the goods. The appellees sold the goods and received the money for each sale and the actual participation of the Earle Company in the transaction only began after the sales were made when, each evening, the appellees by their authorized agents paid over to the Earle Company the money which had been received for the sales of the day. The Earle Company was not the agent of the appellees, all that it undertook to do was to receive money from the appellees and pay back sixty per cent of it on the tenth of the following month. It may well be doubted whether this course of dealing gave rise to any relation other than that of debtor and creditor, in the absence of any covenant in the agreement that the funds should be kept separate and of any evidence that they were in fact kept separate. We do not, however, deem it necessary to consider that question in the present case. Let it be assumed that the manner of doing business gave rise to a trust relation. The court below held that where a trust relationship exists, the mere fact that the trustee has mingled the funds received with other funds does not alter the relationship. That is true, but the court below went further and held that because the claim was founded in a trust it was entitled to a preference in payment out of the general assets of the insolvent company. In this the court erred. A trust creditor is not entitled to preference over general creditors of the insolvent merely on the ground of the nature of his claim. To authorize such a preference, some specific recognized equity founded on the relation of the debt to the assets, in the hands of the assignee or receiver, and which entitles the claimant, according to equitable principles, to a preference in payment out of those assets, must be established by evidence. The person claiming to be a trust creditor must, in order to establish his right to a prefer-

ence, trace the trust money into some specific property, fund, security, or account of the insolvent, which has passed into the hands of the receiver. or assignee, and the proceeds of which are to be distributed. He must identify the fund out of which he demands to be preferred in distribution either as the original trust property or as the product of it: Farmers & Mechanics National Bank v. King, 57 Pa. 208; Miller's App., 218 Pa. 50; Farrell's Assigned Est., 17 Pa. Superior Ct. 240; Groff v. City Savings Fund & Trust Co., 46 Pa. Superior Ct. 423; Commonwealth ex rel. v. Tradesmen's Trust Co., 61 Pa. Superior Ct. 137. The petition in this case made no attempt to trace the money which the appellees had from time to time paid to the Earle Company into any fund, asset, or account, which passed into the hands of the receivers. It did not even assert that any cash, securities, goods or assets of any character had passed into the hands of the receivers, and the facts alleged were insufficient to warrant the court in decreeing that the petitioners were entitled to a preference in payment out of any funds in the hands of the receivers.

The decree is reversed and the petition dismissed at cost of the appellees.