From Frank P. Slattery, Wilkes-Barre, Pa.

## Girton's Estate

*George W. Moon,* for exceptant; *William Chrisman,* contra.

EVANS, P. J., June 15, 1931.—The fund for distribution, as shown by the first and final account of the administrator, together with consentable items of surcharge, amounted to the sum of $709.30.

The balance of the fund for distribution, after deducting the costs of audit, amounted to the sum of $539.96.

The following claims were presented at the audit and formal proof of the same made or waived:

Mabel G. Girton, balance widow's exemption of $500 ....... $363.28
Mabel G. Girton, funeral expenses decedent............... 340.00
Dr. J. W. Gordner, medical services during decedent's last illness ...................................... 124.50
Supervisors Madison Township, road taxes collected by decedent or his administrator on account duplicate 1929, including penalty................................ 289.76

The learned auditor made the following distribution:

To Supervisors of Madison Township..................... $289.76
To Harvey I. Gingles................................. 132.00
To Mabel G. Girton.................................. 118.20

Total ......................................... $539.96

Distribution of $289.76 was made to the Supervisors of Madison Township on the theory that the road taxes collected by the decedent (tax collector) or his administrator and not paid over to the township authorities were and are trust moneys and cannot be regarded as assets of the decedent's estate; that Madison Township was, therefore, a trust creditor and entitled to preference over other creditors of the decedent. This would be true if the trust fund, the

taxes collected by the decedent or his administrator, could be traced into some specific fund or account claimed to be a part of the decedent's estate. This the claimant failed to do.

A trust creditor is not entitled to preference over general creditors of the insolvent merely on the ground of the nature of his claim. To authorize such a preference some specific, recognized equity, founded on the relation of the debt to the assets in the hands of the assignee or receiver and which entitles the claimant to a preference out of those assets, must be established by evidence. The person claiming to be a trust creditor must, in order to establish his right to a preference, trace the trust money to some specific property or fund of the insolvent and must identify the fund out of which he demands to be preferred, in distribution, either as the original trust property or as the product of it: Lifter v. The Earle Co., 72 Pa. Superior Ct. 173; Groff v. City Savings Fund and Trust Co., 46 Pa. Superior Ct. 423.

"Where a trustee has by his own wrongful act converted trust funds to his own use and mingled them with his own funds or the funds of others, the rule is that if the identity of the fund or property can be traced, it will be subjected to the rights of the cestui que trust in its new form, but whenever the means of identification fails, as where the property or money is mixed with a general mass or fund of the same description, the right to pursue it fails:" Com. v. Tradesmen's Trust Co. (No. 1), 250 Pa. 372.

In the instant case, the decedent tax collector or his administrator collected Madison Township road taxes, 1929 duplicate, and failed and neglected to keep the taxes thus collected separate, but mingled them indiscriminately with other moneys belonging to the decedent's estate.

In the instant case the decedent's widow, Mabel G. Girton, claimed her widow's exemption out of the proceeds of the sale of the decedent's real and personal property. Section twelve, subdivision (a), of the Fiduciaries Act of June 7, 1917, P. L. 447, reads thus:

"The widow, if any, . . . of any decedent dying, testate or intestate, . . . may retain or claim either real or personal property, or the proceeds of either real or personal property, belonging to said estate, to the value of five hundred dollars; and the property so retained or claimed shall not be sold, but suffered to remain for the use of the widow or children."

In Henderson, Assignee, v. Briggle, Exec'x, et al., 11 D. & C. 581, 583, Judge Patterson said:

"A widow's claim for exemption is prior to the rights of all creditors, distributees, heirs or even the Commonwealth's claim for inheritance tax."

Section thirteen, subdivision (a), of the Fiduciaries Act reads thus:

"All debts owing by any person within this State at the time of his decease shall be paid by his executors or administrators, so far as they have assets, in the manner and order following, namely:

"One, funeral expenses, medicine furnished and medical attendance given during the last illness of the decedent, and servants' wages, not exceeding one year;

"Two, rents not exceeding one year;

"Three, all other debts, without regard to the quality of the same, except debts due the Commonwealth, which shall be last paid."

The decedent's estate being insolvent, the distribution made by the learned auditor is erroneous. The exceptions should be sustained.

And now, June 15, 1931, the exceptions are sustained and the report is referred back to the auditor for the purpose of making distribution as herein indicated.                    From R. S. Hemingway, Bloomsburg, Pa.