## LARABEE FLOUR MILLS CO. v. FIRST NAT. BANK OF DUBLIN, GA., et al.

*District Court, S. D. Georgia, Dublin Division.*

*Aug. 1, 1931.*

C. C. Crockett, of Dublin, Ga., for plaintiff.

John S. Adams, of Dublin, Ga., for defendants.

BARRETT, District Judge.

This is a proceeding in equity to establish a preferential claim in favor of Larabee Flour Mills, in the nature of a trust in assets in the hands of E. B. Soper, receiver of the First National Bank of Dublin.

The following facts are agreed upon by the contesting parties:

On August 11, 1928, Larabee Flour Mills made draft on E. S. Street & Co. of Dublin, Ga., for $1,455.27 for acceptance payable within thirty days. The date of acceptance is not shown, but payment of the draft was made by check of Street & Co. on said bank on September 20, 1928. At the close of business on September 19, 1928, there stood to the credit of Street & Co. with such bank $3,044.45. On the same date there were twelve other checks of Street & Co. on said bank aggregating $6,170.66 paid. It does not appear what was the order in time of such checks. On the 20th of September, 1928, Street & Co. made two deposits in said bank —one of $3,042.75, represented by some currency and silver and a number of checks, of which checks $1,501.39 were on the said Dublin bank; and the other of $5,000, represented by two drafts drawn by Street & Co. on two of its branches. At the close of business on September 20, 1928, there was to the credit of Street & Co. in said bank $4,915.54. Said bank sent to the Larabee Flour Mills its check on the Federal Reserve Bank of Atlanta for $1,453.42, being the amount collected less collection charges. This check reached Atlanta on September 26th, and payment was declined because the said Dublin bank had closed on the evening of September 22d.

Street & Co. were regular customers and patrons of the said Dublin bank and continually carried a deposit account, checking against it and depositing into it. The draft of Larabee Flour Mills contained this provision: "To collecting bank. This draft is a cash item and is not to be treated as a deposit. The funds obtained through its collection are to be accounted for to us and are not to be commingled with the other funds of the collecting bank."

The receiver of said bank has received more than sufficient cash and still has same with which to pay said claim if it is preferential.

There is a difference as to the effect to be given to the testimony of the bookkeeper of Street & Co., his testimony being the only evidence outside of the agreed facts. Therefore the following finding of facts:

1. On the morning of the 20th of September, 1928, if all of the outstanding checks of Street & Co. on said bank that might reasonably be expected to be presented had been presented, they would have been in excess of their credit in said bank on that morning. The draft of the Larabee Flour Mills was in addition to such amount.

2. It was the practice of Street & Co. to arrange its deposits so that there would be no overdraft by them in paying whatever checks or drafts that should be presented.

3. The two deposits made on September 20, 1928, aggregating $8,042.75, were made in execution of this business practice.

4. There was no augmentation of the assets of the bank by reason of the draft of the Larabee Flour Mills, and this is true even though the amount of deposits may have been made in view of the fact that such draft was payable as well as of the fact that outstanding checks might be presented on that day. Deposits in the ordinary course of business to prevent overdrafts cannot be construed as an augmentation of assets by reason of each and every check or acceptance that may be paid therefrom.

### Conclusions of Law.

1. The burden is on claimant to prove the elements essential to the establishment of his claim. Uncertainty results in denial. Schuyler v. Littlefield, 232 U. S. 707, 34 S. Ct. 466, 58 L. Ed. 806.

148

2. "A bank holding a draft for 'collection and returns,' which accepts a check of the drawee, one of its depositors, and, without separating the amount from the general mass of its moneys, charges the same to the drawee, and credits the drawer on its books, holds the money as agent for the drawer, and not as trustee; and after the bank becomes insolvent the drawer is a mere general creditor, and not entitled to priority of payment out of the bank's assets." Anheuser-Busch Brewing Ass'n v. Clayton, 56 F. 759 (headnote 1) (C. C. A. 5). The above case is cited approvingly in Clark Sparks Co. v. Americus Nat. Bank (D. C.) 230 F. 738, 741 (Judge Lambdin of this District); Nyssa-Arcadia Drainage Dist. v. First National Bank (D. C. Or.) 3 F.(2d) 648, 650; Mechanics & Metals Nat. Bank v. Buchanan, 12 F.(2d) 891, 893 (C. C. A. 8th); Larabee Flour Mills v. First Nat. Bank, 13 F.(2d) 330, 332 (C. C. A. 8th); Farmers' Nat. Bank v. Pribble, 15 F.(2d) 175, 178 (C. C. A. 8th). If the draft had been paid with money or check on another bank, the relationship would be different—one of trust.

3. The stipulation on the face of the draft quoted above is immaterial. Early & Daniel Co. v. Pearson, 36 F.(2d) 733 (headnote 7).

4. There must be augmentation of the fund of which it is claimed that the money in question is a part by reason of the identical transaction upon which the claim is based. Almost unlimited authorities could be cited to sustain this proposition. Sufficient are Clark Sparks & Sons v. Americus Nat. Bank (D. C.) 230 F. 738; Ellerbe v. Studebaker Corp. (C. C. A.) 21 F.(2d) 993; Mark v. Westlin (D. C.) 48 F.(2d) 609.

In consideration of the urge by claimant as to the cogent effect of the cases of Clark Sparks & Sons v. Americus Bank (D. C.) 230 F. 738, and Ellerbe v. Studebaker Corp. (C. C. A.) 21 F.(2d) 993, this expression of this court's views should be made. The principle stated in section 4 hereof is recognized and applied in both of such cases. In the Clark Case the augmentation was to the extent of $6,000, and preference to that amount was allowed. In the Ellerbe Case it was determined that augmentation had been made in substance if not in form.

The necessary result of the application of the foregoing conclusions of law to the findings of fact is a decree adverse to claimant. Let it be taken.