In the Matter of THE BANK OF UNITED STATES, in Liquidation.
In the Matter of the Application of THE SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK, Appellant, for a Determination of Priority of Payment of Claims Pursuant to Section 78 of the Banking Law.

JOSEPH RAVITCH, as Receiver, Respondent.

First Department, November 18, 1932.

*Leo C. Fennelly* of counsel [*Warren C. Fielding* and *Arthur Ofner* with him on the brief; *Carl J. Austrian*, attorney], for the appellant.

*Abraham A. Silberberg*, for the respondent.

SHERMAN, J. This appeal by the Superintendent of Banks reviews an order which directs payment of respondent's claim against The Bank of United States and gives it priority.

Respondent was appointed a receiver of the rents in a foreclosure suit pending in the Supreme Court and, though not directed by the court so to do, deposited the funds received during his receivership in The Bank of United States. Thereafter on December 11, 1930, the Superintendent of Banks took possession of that bank and has since proceeded with its liquidation.

In March, 1931, claimant applied for a summary order directing the Superintendent of Banks to pay him the balance of the deposit in the bank. The learned Special Term did not grant that motion, but took occasion to express the view that the petitioner as well as others similarly situated, whose applications were then before the court, were entitled to a preference (*Sun Holding Corp.* v. *14 West Seventy-second St. Corp.*, 140 Misc. 566). An order was thereupon entered which purported to declare that claimant was entitled to priority of payment to the extent of this deposit, and directed claimant to proceed " under his claim of priority " as therein " adjudicated according to law."

In August, 1931, the Superintendent of Banks, pursuant to the provisions of section 78 of the Banking Law (as amd. by Laws of 1930, chap. 678; since amd. by Laws of 1932, chap. 399), sought leave of the court to pay a first dividend and accordingly asked to have the question of priority of payment of all claims against The Bank of United States determined. Several referees were appointed in that behalf and claimant appeared before one of them, where he has successfully asserted that the order of the Special Term, hereinbefore referred to, was *res adjudicata* and that it required the granting of his application. The referee took no testimony but, basing his report solely upon that order, granted the application, and the appeal here is from the confirming order.

It is clear that the earlier Special Term order was erroneously made in so far as it purported to determine priority rights. At that time, the period within which claims could be filed under the Banking Law had not expired, nor had respondent's claim been formally accepted by the Superintendent of Banks; furthermore, the application was upon the initiative of the claimant and was not made by the Superintendent of Banks.

Respondent's counsel does not now claim that claimant receiver was actually entitled to priority of payment. The trend of authority is directly to the contrary. (*Matter of Egan*, 258 N. Y. 334; *Henkel* v. *Carnegie Trust Co.*, 213 id. 185.) The order appealed from is sought to be sustained solely upon the ground that the earlier Special Term order must be given full force and effect so that the declaratory view therein set forth shall be put into effect.

The Banking Law sets forth a clear and comprehensive method of determining priorities. The statute limits the power of the court to interpose its order. Section 78 provides that at any time after the date fixed by the Superintendent for the presentation of claims, the Supreme Court may by order authorize the Superintendent of Banks " upon his application " to declare out of the funds remaining in his hands, after the payment of expenses,

one or more dividends; and that such order shall specify what claims, if any, are entitled to priority of payment. Preceding sections of the Banking Law define the procedure for giving of notice to creditors to make proof of claims, provide for the acceptance or rejection of such claims and contain other features, all calculated to enable the Superintendent of Banks to investigate claims and determine the extent of the assets to be distributed and the valid claims against the estate, before the matter is brought on for hearing in the Supreme Court. The statute contemplated that the application to the court was to be made by the Superintendent of Banks when he became ready. Applications by various claimants upon their own initiative, on other occasions would, if entertained, be productive of great confusion and be fatal to orderly liquidation by the Superintendent under the statute.

We have accordingly reached the conclusion that the earlier order of the Special Term was void in so far as it purported to embody and state a final determination of the claim to priority, asserted by respondent. (*Doey* v. *Howland Co.*, 224 N. Y. 30; *Matter of Walker*, 136 id. 20.)

The order appealed from must be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., MARTIN and O MALLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.