In the Matter of The Bank of United States, in Liquidation, by Joseph A. Broderick, Superintendent of Banks of the State of New York, Appellant.*

Benno Ostertag, Respondent.

First Department, December 9, 1932.

* Affd., 262 N. Y. ——.

*Arthur Ofner* of counsel [*Warren C. Fielding* and *George S. Elpern* with him on the brief; *Carl J. Austrian*, attorney], for the appellant.

*Sol S. Ostertag* of counsel [*Kamen & Ostertag*, attorneys], for the respondent.

MARTIN, J. The respondent, a depositor in the Bank of United States, on December 10, 1930, at which time it was closed by the Superintendent of Banks, had a credit balance in his account. He duly filed a claim therefor with the Superintendent of Banks. The claim was rejected. The respondent then brought an action in the Municipal Court for his balance. The bank set up a counterclaim alleging that the respondent was indebted to it as indorser on two notes. The question of notice of dishonor was raised with respect to the notes. On the trial it was proved that he had received notice of dishonor on one note and waived it with respect to the other note. The trial court granted the bank judgment on its counterclaim and directed that the said judgment be paid out of or set off against the respondent's deposit balance.

The respondent appealed from the form of this judgment to the Appellate Term which granted him judgment in the sum of $56.51, the difference between his deposit balance and the defendant's counterclaim, and gave him costs amounting to the sum of $53.60. The liquidation dividends of thirty per cent and fifteen per cent have been paid to the respondent on the amount of the judgment of $56.51.

The sole question presented to this court is whether the judgment creditor of a bank in liquidation who obtains a judgment after the commencement of the liquidation on a claim contested by the liquidator is entitled to the payment of costs in full or to regular liquidation dividends on such costs.

A similar proposition was before this court in *Matter of Carnegie Trust Co.* (161 App. Div. 280). In that case it was held that in an action brought against a bank taken over by the Superintendent of Banks the costs and disbursements taxed in such an action are payable by the Superintendent in full out of the bank's property. The court said: " It is well settled that costs against executors, administrators, assignees for the benefit of creditors and receivers are payable out of the estate and have priority over the claims of general creditors. (*Matter of Friedlander*, 160 App. Div. 475; *Cunningham* v. *McGregor*, 12 How. Pr. 305; *Matter of Randell's Estate*, 8 N. Y. Supp. 652; *Matter of Mahoney*, 37 Misc. Rep. 472; *Camp* v. *Niagara Bank*, 2 Paige, 283; *Columbian Ins. Co.* v. *Stevens*, 37 N. Y. 536; *People* v. *Locke Co.*, 42 Hun, 484.)"

Although the appellant admits the existence of such a ruling, we

are now asked to hold to the contrary, on the ground that the above opinion was erroneous.

The authorities on this subject appear to distinguish between cases where the costs have been awarded prior to liquidation and those where costs have been awarded in a litigation terminating unfavorably to the claim of the liquidator. There are other cases which hold that the liquidator must pay costs out of the fund in his possession where the litigation was wholly or partly carried on by the liquidator in an effort to defeat the claim of a claimant.

There appears to be no valid reason offered why costs should not be allowed and paid in full when the liquidator contests a claim and costs are awarded to the successful party. Such costs are given as a matter of right because of such successful termination of the litigation. Any other ruling, especially where small claims are involved, would cast the burden of the litigation upon the successful litigant. A very good illustration is to be found in a case where a claim for $100 is rejected by the liquidator. A trial and an appeal to the Appellate Term may require an expenditure of sixty or seventy dollars for printing the record and for stenographic minutes. If a dividend only is to be paid on the costs, the successful litigant may not be reimbursed for disbursements actually expended. If a liquidator elects to contest a claim and is unsuccessful, he should pay in full the costs and disbursements awarded to the successful party.

We believe that the purpose of section 1500 of the Civil Practice Act, relating to the payment of costs, is to protect such a litigant by permitting the collection of costs and disbursements in full.

The order appealed from should, therefore, be affirmed, with twenty dollars costs and disbursements.

FINCH, P. J., and TOWNLEY, J., concur; MERRELL and SHERMAN, JJ., dissent and vote for modification.

SHERMAN, J. (dissenting). Petitioner filed proof of claim with the Superintendent of Banks, as provided by law, as a general creditor of the Bank of United States with which he had a deposit balance of $253.94 when the bank closed on December 10, 1930. Upon the theory that his claim had been rejected by the Superintendent of Banks, petitioner brought an action in the Municipal Court of the City of New York against the Bank of United States, the precise nature of which suit is not disclosed in the record. The bank appeared as defendant in that action, by the Superintendent of Banks, and interposed a counterclaim to establish petitioner's indebtedness to the bank as an indorser on two notes totalling the sum of $197.

The Superintendent was not a party to that action, the bank being the sole defendant. Nor would he have been a proper party defendant in that common-law action. (Banking Law, §§ 71, 76; *Van Tuyl* v. *New York Real Estate Security Co.*, 153 App. Div. 409; affd., 207 N. Y. 691.) When the Superintendent of Banks has taken possession of a bank in liquidation " any action with respect to the property or business of the bank should be brought by or against the corporation which still retains its corporate existence." (*Richardson* v. *Cheney*, 146 App. Div. 686, 690; affd., 208 N. Y. 541.) There he was also characterized (p. 689) as " a mere conservator and liquidator of the bank by virtue of his official position." The same view was expressed by this court in *Yokohama Specie Bank, Ltd.*, v. *Chinese Merchants Bank* (219 App. Div. 256, 258), where it is also stated that " the corporation is not deprived of its assets and no title is vested in the Superintendent."

In the Municipal Court action the bank's position was that petitioner's claim had not been rejected in its entirety but that liquidation dividends thereon should be withheld for the reason that petitioner had refused to concede the bank's claim on the notes, having declared that he had not received notice of dishonor of the notes. At the trial in the Municipal Court, the bank proved that petitioner had actually received notice of dishonor of one note and had waived notice thereof as to the other.

The record here does not contain the pleadings or the judgment in that action. It is, however, stated that the action was brought by petitioner, a depositor in the Bank of United States, " for the amount of his balance," and that " judgment was granted to the bank in the amount of its counterclaim with the understanding that the counterclaim was to be paid out of plaintiff's [petitioner's] balance." Petitioner seems to have objected to the form of the judgment and to have appealed to the Appellate Term, which adjudged to plaintiff the sum of $56.51, the difference between the amount of his deposit balance and the amount of the bank's counterclaim, together with costs in the sum of $53.60.

Thereafter petitioner made this motion for an order directing the Superintendent to pay him a dividend, such as had theretofore been declared and paid to general creditors, upon such sum of $56.51, but further demanded payment in full of costs in the sum of $53.60 which had been taxed and formed part of petitioner's judgment. From the order granting the motion this appeal has been taken.

As liquidation dividends of thirty per cent and fifteen per cent have been paid to petitioner on his claim of $56.51 (the amount of his judgment exclusive of costs), the only question on this appeal is whether petitioner is entitled to payment of said costs in full at

this time or merely to liquidation dividends thereon, as a part of his judgment.

This judgment, it should be noted, was obtained after the closing of the bank and while it was in process of liquidation; as costs are a mere incident of the judgment, it is my view that petitioner acquired no preferred claim and is entitled only to liquidation dividends thereon just as any unpaid non-judgment creditor of the bank. The judgment should not be divided into two parts. It constitutes after all but one indebtedness.

Petitioner rests upon section 1500 of the Civil Practice Act, which relates to "costs in action *by or against* executor, administrator, trustee or person authorized by statute to sue or be sued," and cites *Matter of Carnegie Trust Co.* (161 App. Div. 280) as authority for the ruling below. That case construed section 3246 of the Code of Civil Procedure (the predecessor of, and identical in language with, section 1500 of the Civil Practice Act).

There the judgments ran against both the trust company and the Superintendent of Banks. Here there is *no* judgment against the Superintendent. The bank is still a corporation and was properly, as above stated, made defendant by petitioner in the Municipal Court action. The cases cited in *Matter of Carnegie Trust Co.* (*supra*) as permitting costs to be given priority in payment do not entirely support the text in so far as it places the Superintendent of Banks in effect in a class with receivers and executors. Some of the cases there cited are discussed in *Matter of Union Bank of Brooklyn* (176 App. Div. 477), and the differentiation pointed out (p. 482): "It is quite true that the courts have in discussion compared the duties of the Superintendent as a liquidator to those of a receiver. (*Matter of Union Bank,* 204 N. Y. 316; *Van Tuyl* v. *Scharmann,* 208 id. 62.) Naturally; for each in winding up a corporation performs the same kind of duties. But the statute does not provide that the Superintendent, by virtue of his office or by virtue of the statutory duties cast upon him, shall be a receiver or shall be regarded as such in the eye of the law."

Nor is the Superintendent of Banks to be given the attributes of an executor, administrator or trustee against whom costs might be allowed in a proper case. The personal representative of a deceased or a trustee is the only party who may be sued—not like the Superintendent of Banks who is merely a liquidating custodian and who, as above pointed out, would not have been a proper party defendant in the Municipal Court action. Furthermore, the Superintendent holds as above stated no title to assets, as would a trustee. (*Yokohama Specie Bank, Ltd.,* v. *Chinese Merchants Bank, supra.*)

Moreover, in *Matter of Carnegie Trust Co.* (*supra*) the theory of the claimant was that the claims should not have been arbitrarily rejected but should have been allowed upon presentation to the Superintendent. Here the Superintendent has denied that the petitioner's claim was rejected. In the Municipal Court action the validity of petitioner's claim was not contested; the real dispute arose upon the bank's counterclaim, which was established at trial. If petitioner had filed a claim in the proper amount, or had consented that the amount thereof should not exceed the difference between his deposit balance and the amount of the notes upon which he was liable, there would have been no cause for litigation.

Under the Banking Law (§§ 69, 75) the Superintendent was charged with the duty of determining the justice of claims presented against the institution in liquidation, and reducing its assets to liquid form. He was with propriety discharging that duty in resisting petitioner's excessive claim. No equitable principle requires payment of the costs segregated and apart from the judgment into which they have been merged. Nor does the Banking Law provide for it. As stated in *Lafayette Trust Co.* v. *Beggs* (213 N. Y. 280, 289): " If, after the Superintendent has determined to liquidate, creditors may gain a preference by obtaining judgments, the scheme and purpose of the statute will be frustrated."

The banking statute contains a comprehensive scheme which regulates the manner of dealing with banks in liquidation and which supersedes other general laws regulating insolvent estates. Priorities must be determined in accordance with that statute (Banking Law, § 78; *Matter of Bank of United States* [*Ravitch*] 237 App. Div. 76). Indeed, it is expressly provided in section 77 of that act that judgments recovered after the Superintendent takes possession of the assets are not a lien. Even before the enactment of section 77 in the present Banking Law, this court held that a judgment recovered on a claim which had been rejected by the Superintendent " would not give the claimant a preference over other creditors." (*Northern Bank of New York* v. *Drury*, 152 App. Div. 64, 66.) It would have been a simple matter for the Legislature to have included in the provisions of the Banking Law a right to priority whenever costs are recovered against a bank in liquidation. As the equities of creditors became fixed as of the commencement of liquidation, it is clear that the Legislature did not intend that one creditor might gain any advantage or preference over other creditors, even though it is provided that rejected claims must be established by judgment. Equality in distribution is the aim of the statute irrespective of whether claims have been reduced to judgment. Upon insolvency, the assets and property of the

banking corporation is a trust fund for the payment of creditors, as to which depositors stand as other creditors, " having no greater, but equal rights to be paid ratably out of the insolvent estate." (*People* v. *Mechanics & Traders' Savings Institution*, 92 N. Y. 7.) In the last named case, wherein a creditor of a savings bank obtained a judgment against a receiver thereof in an action brought against the bank before the appointment of the receiver, in the defense of which action the receiver was substituted, it was held that the successful plaintiff was not entitled to preference over other creditors in the payment of his judgment.

The order appealed from should be modified by denying the motion for payment of costs in full, and granting same to the extent that the Superintendent be directed to pay only dividends upon the amount of such costs.

MERRELL, J., concurs.

Order affirmed, with twenty dollars costs and disbursements.