SUSAN LEWIS, Appellant, *v.* THE BANK OF UNITED STATES, Respondent.

First Department, March 24, 1933.

*Hyman Grill*, for the appellant.

*Arthur J. Brothers* of counsel [*Epstein & Brothers*, attorneys] for the respondent.

SHERMAN, J. The question presented on this appeal calls for an interpretation of sections 72 to 78 of the Banking Law, defining the rights of claimants against a delinquent bank, which sections have in some respects been heretofore construed in this court. (*Matter of Bank of United States* [*Ostertag*], 237 App. Div. 104; *Matter of Horowitz*, 235 id. 248; *Matter of O'Neill* v. *Broderick*, 233 id. 656.)

Defendant's motion for judgment on the pleadings was granted at Special Term. The complaint, which has been dismissed, sets forth that plaintiff's claim in the sum of $36,500 was duly filed with the Superintendent of Banks on June 25, 1931, and rejected by him on July 7, 1931. Defendant's answer sets up the special defense that plaintiff has failed to commence this action within six months after the rejection of her claim by the Superintendent of Banks as prescribed by sections 74 to 76 of the Banking Law.

Respondent contends that the affirmance of the order denying plaintiff's motion to strike out such affirmative defense as insufficient (*Lewis* v. *Bank of United States*, 236 App. Div. 720) has necessarily settled the law of the case that the six months' Statute of Limitation commenced to run from the date of rejection of plaintiff's claim, to wit, July 7, 1931. With that view I do not agree, for the allegations constituting that defense are general and do not set forth the date when the time within which to accept or reject claims expired, so as to have presented the question squarely.

Section 76 of the Banking Law reads, in part, as follows: " When the time within which the Superintendent is required to accept or reject claims has expired and at any time within six months *thereafter*, a claimant whose claim has been duly filed and has not been

accepted by the Superintendent * * * may institute and maintain an action thereon against such corporation or banker."

The language of the statute indicates the limitation to be to " the time within which the Superintendent is required to accept or reject claims has expired, *and* at any time within six months *thereafter*." Plainly, the six months are to be added to the period within which the Superintendent must act.

In holding that the Superintendent may not accept a claim after the date specified by him for the time within which claims are to be filed, pursuant to section 72, this court said (*Matter of Horowitz, supra,* at p. 250): " The liquidation of banks under the Superintendent of Banks is not a judicial function but an administrative power conferred by the Legislature and the Supreme Court has no inherent power to ameliorate the rigor of the provision of such statutory directions as are prescribed for the administrator." The Legislature has enacted by section 75 that the Superintendent has thirty days within which to accept or reject claims. If the Legislature had intended that this short statute of limitations should commence to run as of a different date in the case of rejected claims from that in the case of a claim which has not been accepted, it could have said so in simple language. There is no provision in the Banking Law which in terms requires a creditor to commence his action within six months after his claim is rejected.

The period, at the end of which claims may be paid out of the assets of the bank, begins to run when the notice called for by section 72 is given by the Superintendent. The rights of claimants to share in the distribution must be fixed as of the last date to file claims.

Orderly procedure requires that section 76 be so construed that the statutory limitation shall be the same for the claimant whose claim has been expressly rejected as for the claimant whose claim becomes rejected by reason of its non-acceptance within the thirty-day period. The limitation is a very brief one. Plaintiff evidently relied on the plain language of the statute. Many others may have done likewise, and their rights should not be forfeited by the narrow and strained construction urged by respondent.

The complaint sets forth all the allegations required by section 76 and is, therefore, sufficient on its face.

The order and judgment appealed from, dismissing plaintiff's complaint, should be reversed, with costs, and defendant's motion denied, with ten dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.