## BRIDGE v. FIRST NAT. BANK–DETROIT et al.

## EQUITABLE TRUST CO. v. GUARDIAN NAT. BANK OF COMMERCE et al.

### Nos. 5809, 5820.

District Court, E. D. Michigan, S. D.
Dec. 12, 1933.

Leo Wing and Alvin D. Hersch, both of Detroit, Mich., for plaintiffs.

Stevenson, Butzel, Eaman & Long and Lewis McCandless, all of Detroit, Mich., and Robert S. Marx and Carl Runge, both of Cincinnati, Ohio, for receiver of First Nat. Bank-Detroit.

Warren, Hill & Hamblen, of Detroit, Mich., for conservator for Guardian Nat. Bank of Commerce.

Nichols, Morrill, Wood, Marx & Ginter and Frank E. Wood, all of Cincinnati, Ohio, for receivers of First Nat. Bank-Detroit and conservator for Guardian Nat. Bank of Commerce.

KNIGHT, District Judge.

The plaintiffs are receivers appointed in equity suits. Acting as such they made certain deposits in the above-named banks. Some of such deposits were carried on the books of the bank as savings deposits, some commercial deposits subject to check, and some deposits evidenced by certificates of deposits issued by the bank. Some accounts bore interest. Each of the defendant banks is insolvent and in charge of a receiver appointed by the Comptroller.

These suits have been brought to have such deposits declared to be trust funds or special deposits and as such entitled to priority in payment over general deposits.

These suits were also brought as "class" suits in behalf of all other equity receivers similarly situated, pursuant to the provisions of Federal General Equity Rule 38 (28 USCA § 723). Certain other receivers in equity have intervened as plaintiffs herein. Exceptions taken by the plaintiffs on the findings of fact and conclusions of law in the report of the special master now come on for hearing before this court. Since a decision herein affects bank deposits of all receivers in equity suits, its importance will be appreciated.

The master found as a fact that the deposits in question were made without any order expressly authorizing such receivers to make general deposits, and that the deposits were made without any agreement creating a trust or special deposit.

The master found as a fact that, although the banks had knowledge that the funds deposited were receivership funds, neither had reason to suppose that the making of such deposits was unlawful; and, further, there is no evidence of any negligence, misconduct, or bad faith on the part of the banks.

The special master found as a matter of law that the plaintiffs had not sustained the burden of showing that there was any agreement expressed or implied creating a special deposit or a trust; that the deposits in question were "general deposits"; that the equity receivers had implied authority to make "general deposits," as distinguished from trust or special deposits; that the deposits in question do not constitute a loan to the bank; finally, that the plaintiffs are not entitled to the relief sought, and that the bills of complaint should be dismissed.

Whether the funds held in trust by the receivers when deposited with defendants became special deposits and as such entitled to priority of payment over general depositors, or whether such funds so deposited became general deposits and as such entitled to no preference in payment, is the problem for solution. The courts have many times passed upon questions involving the status of trust funds deposited with banking institutions. Different premises have brought different conclusions. Many cases cited by the plaintiffs point these differences. They are illustrated in:

Woodhouse v. Crandall, 197 Ill. 104, 64 N. E. 292, 58 L. R. A. 385, where there was a special deposit as security and special agreement relative to the deposit.

Carlson v. Kies, 75 Wash. 171, 134 P. 808,

47 L. R. A. (N. S.) 317, where a deposit was made by an administrator under a special agreement by the bank to hold and pay certain heirs.

In re J. T. Knapp & Co., 101 Iowa, 488, 70 N. W. 626, in which it would appear that the deposit was wrongfully made—how not shown—but the court states that the deposit so made is out of the general rule as to deposits.

State v. American State Bank, 108 Neb. 111, 187 N. W. 762, in which the trustee was an officer of the bank and deposited money in such bank and used funds to loan to another corporation of which he was a member.

Patek v. Patek, 166 Mich. 446, 131 N. W. 1101, 35 L. R. A. (N. S.) 461, in which the moneys deposited had been stolen and the deposit made without the knowledge of the trustee.

In re Potell (D. C.) 53 F.(2d) 877, cited as overruling In re Bologh (D. C.) 185 F. 825, but which plainly distinguishes the cases, the proceeding was in bankruptcy and the deposit was not made in a designated depository. It was held that both receiver and bank acted unlawfully.

In Genesee Wesleyan Seminary v. United States Fidelity & Guaranty Co., 247 N. Y. 52, 159 N. E. 720, 56 A. L. R. 964, the facts were quite analogous to State v. American State Bank, supra. A treasurer deposited funds with himself as banker and loans were made from such funds to corporations in which the official was interested.

Certain decisions in the state courts wherein it appears that state statutes gave priority to deposits by fiduciary are not in point. Henkel v. Carnegie Trust Co., 213 N. Y. 185, 107 N. E. 346.

In Smith v. Fuller, 86 Ohio St. 57, 99 N. E. 214, L. R. A. 1916C, 6, Ann. Cas. 1913D, 387, it was held that the trustee had no right to make a general deposit, and that the presumption was a deposit made by him was a special deposit. The opinion in Smith v. Fuller supports the contention of the plaintiffs. I do not think it expresses the correct view, and it does not accord with the opinions expressed in many cases and by many textwriters. This case is distinguishable in certain respects from the case at bar, in that the deposit was not subject to check and bore no interest. Tentative Draft No. 1, American Law Institute Restatement of the Law of Trusts, § 15, pp. 41–42, and cases cited.

There are two kinds of deposits in banks, special and general. A special deposit is one deposit made under some express or clearly implied agreement that it is made for some particular purpose; while a general deposit includes all other forms of a deposit. The presumption in law is that a deposit is a general deposit and the burden on the person claiming the contrary to prove it. Keyes, Receiver, v. Paducah & I. R. Co. (C. C. A.) 61 F.(2d) 611, 86 A. L. R. 203; Larabee Flour Mills Co. v. First Nat. Bank of Dublin, Ga. (D. C.) 52 F.(2d) 146. It is not claimed here that there was any express agreement. It is claimed such agreement is implied on the ground that the equity receivers were not lawfully entitled to make a general deposit and that the relationship of the parties compel that conclusion.

These receivers were not directed by the court in the making of the deposit. They legally might deposit them in any bank of reputed good standing. Clark on Receivers, vol. 1, § 404; 53 C. J. § 194; Bond v. Broderick, 232 App. Div. 468, 250 N. Y. S. 343; In re Bank of United States, 237 App. Div. 76, 260 N. Y. S. 364; Wheelock v. Cantley (Mo. App.) 50 S.W.(2d) 731. The law imposed upon them the duty to exercise such reasonable caution and care in the retention of the trust fund as an ordinary intelligent and honest man would. U. S. Code, title 28, § 124, 28 USCA § 124 (Judicial Code, § 65). State ex rel. v. Corning State Sav. Bank, 128 Iowa, 597, 105 N. W. 159; Beach on Receivers (2d Ed.) 1897, § 309, p. 313. The nature of the funds as trust funds does not constitute it a special one. Matter of Bologh (D. C.) 185 F. 825. The description of the deposit as made in a fiduciary capacity does not make the deposit a special one, Perry on Trusts, vol. 1, § 122 (7th Ed. 1929), and a deposit made by receiver acting under the order of a court is not sufficient for that purpose. Knowledge that the moneys are trust moneys does not make it a "special deposit." Michie on Banks and Banking, vol. 5, § 330, pp. 631, 632; Wilson v. Lyon County Bank (D. C.) 4 F. Supp. 608. There must be an agreement expressly or clearly implied to constitute a special deposit of fiduciary acting without direction as to deposit of trust funds. Such implication does not arise under the facts in this case.

The following cases seem to me to be definitely in point as determining the nature and the effect of the deposits in question. Ohio Savings Bank & Trust Co. v. Willys Corp., report of master and memorandum opinion of the court, Northern District of Ohio, unreported. In this case the moneys on deposit were set up on the books of the trust company in an account designated as "Uninvested trust

fund." The court held these funds were not preferred. In Isaacs v. Stock (C. C. A.) 66 F.(2d) 928, the receiver deposited funds in a national bank. It was held that the receiver was not entitled to preference on the bank's insolvency. Said the court in part: "In point of fact it [bank] received it as it did all other deposits, mingled it with all other moneys deposited, and lawfully used it in its banking business. To hold otherwise would be to give a preference to funds deposited by guardians, executors, administrators, and other trust custodians."

In Northern Sugar Corp. v. Thompson (C. C. A.) 13 F.(2d) 829, where moneys were deposited to be applied to a particular purpose, it was held that the deposit was not a preferred sum. I find in this case clear enunciation of certain rules defining the nature of bank deposits.

In Re Interborough Consolidated Corp. (D. C. S. D. of N. Y. 1921) 277 F. 249, affirmed (C. C. A.) 288 F. 334, 347, 32 A. L. R. 932, deposits were made to be used to pay interest on bonds, and the account was carried on the books as a "Bond interest account and interest on International Metropolitan Company bonds and Interborough Consolidation Corp." It was held that the coupon holders were not entitled to any preference. The point is made in the opinion in the Circuit Court that the funds were received without any specific instructions as to their application. The court also said in part: "On a general deposit of money in a bank to the credit of the depositor, to be repaid on demand, the title to the money so deposited passes from the depositor to the bank, and the relation of debtor and creditor is created. * * * Such deposits create no trust relationship."

In Hawkins v. Cleveland, C., C. & St. L. R. Co. (C. C. A.) 89 F. 266, 270, the funds in question by agreement in writing were designated as a special deposit in the name of a cashier as trustee. It was held that the "bank becomes simply a borrower, and the trustee a depositor, like any other depositor."

In Michie on Banks and Banking, vol. 5, § 54, pages 114, 115, it is said: "When one deposits money to his own credit as receiver, he becomes a depositor in his representative capacity. The bank is then indebted to him as receiver, and in that capacity he has the legal title to the bank credit."

The expressions of the court in the following cases support the position that these are general deposits: In re Bologh (D. C.) 185 F. 825; Miller's Appeal, 218 Pa. 50, 66 A.

995; Commercial Bank v. Armstrong, 148 U. S. 50, 13 S. Ct. 533, 37 L. Ed. 363; Andrew v. Crawford County State Bank, 208 Iowa, 1248, 224 N. W. 499; Southern Development Co. v. Houston & T. C. R. Co. (C. C.) 27 F. 344; Davis v. Elmira Savings Bank, 161 U. S. 275, 16 S. Ct. 502, 40 L. Ed. 700.

In my opinion the presumption that this is a general deposit has not been overcome, and the evidence supports the finding that it is a general deposit. As such it has no preference in payment.

Accordingly I agree with the findings of the master in his well-considered report, and such report is in all respects approved and confirmed and the exceptions thereto overruled.

Other questions raised in this case are that this is not a proper "class suit," and that relief in equity cannot be granted because of the alleged concession of the plaintiffs that the banks are the holders of these funds as bailees. In view of the conclusion reached herein on the merits, it is not necessary to pass on these questions.